MARTHA L. WILCOX and another *vs.* JOHN LANDBERG and others.

December 16, 1882.

**New Trial—Verdict against Evidence—Discretion of Trial Court.—**
An order granting a new trial, on the ground that the verdict was not justified by the evidence, upheld; following *Hicks* v. *Stone*, 13 Minn. 398. (434;) *Rheiner* v. *Stillwater Street Ry. & Transfer Co.*, 29 Minn. 147; *Pratt* v. *Pioneer Press Co.*, ante, p. 41.

**Sale of Goods—Question of Fraud on Creditors for Jury.—**Where a sale of a stock of merchandise was made, and a written agreement entered into by the vendors and vendees, by the terms of which the former were to attend to the vendees' business (to wit, selling goods, and, among others, the merchandise sold) as the vendees should direct, to furnish room in which to do the same, and to receive all goods for said business at Ortonville, and deliver the same at the vendees' place of business, (at Big Stone,) and, in consideration thereof, the vendees agreed to pay the vendors 70 per cent. of the net profits of the business, the agreement to continue in force until its discontinuance was requested by either party upon giving 60 days' notice, *held*, that the agreement cannot, as a matter of law, be said to be fraudulent upon its face; but the question of its character as fraudulent or not is for a jury.

In January, 1880, Cherry & Leach were engaged in business at Big Stone, in Big Stone county, keeping a general store, and in the early part of that month, being in embarrassed circumstances, they applied for and received from certain creditors, who are defendants herein, extensions of their indebtedness. Subsequently, and on or about January 27, 1880, Cherry & Leach, who were indebted to plaintiffs in the sum of $904.32, sold to plaintiffs their entire stock of goods for $1,282.54, being twenty-five per cent. less than the inventoried value. About the same time plaintiffs and Cherry & Leach entered into the agreement mentioned in the opinion, appointing Cherry & Leach agents of plaintiffs to continue the business and to sell for them for a percentage of the profits, and left Cherry & Leach in complete possession and control. At the same time notice was given by advertisement of the change of business from Cherry & Leach to Wilcox & Co., the plaintiffs.

This action was commenced in the district court for Stevens, Big Stone and Traverse counties, to recover for the taking and conversion of the stock of goods, on February 5, 1880, by defendant Landberg, as sheriff of said counties, under a writ of attachment in favor of the other defendants. The action was tried before *Brown, J.*, and a jury, and plaintiffs had a verdict. On defendants' motion a new trial was granted, upon the ground that the verdict was not justified by the evidence, and the plaintiffs appealed.

*John W. Arctander*, for appellants.

*Cyrus J. Thompson* and *Charles J. Berryhill*, for respondents.

The agreement and sale between Cherry & Leach and plaintiffs is absolutely void as against attaching creditors. *Grant* v. *Lewis*, 14 Wis. 487; *Blakeslee* v. *Rossman*, 43 Wis. 116; *Rice* v. *Cunningham*, 116 Mass. 466; *Edgell* v. *Hart*, 9 N. Y. 213; *Dunham* v. *Waterman*, 17 N. Y. 9; *Russell* v. *Winne*, 37 N. Y. 591; *Ford* v. *Williams*, 24 N. Y. 359; *Cunningham* v. *Freeborn*, 11 Wend. 240; *Bank of Leavenworth* v. *Hunt*, 11 Wall. 391; *Robinson* v. *Elliott*, 22 Wall. 512; *Smith* v. *Leavitts*, 10 Ala. 92; *Hitchcock* v. *St. John*, 1 Hoff. Ch. 510; *Butler* v. *Stoddard*, 7 Paige, 163; *Stoddard* v. *Butler*, 20 Wend. 507; *Truitt* v. *Caldwell*, 3 Minn. 257, (364;) *Chophard* v. *Bayard*, 4 Minn. 418, (533.)

BERRY, J.* In this case a new trial was granted by the district court, upon the ground that the verdict was not justified by the evidence. After a careful perusal of the testimony we have come to the conclusion that the order granting the new trial should not be disturbed. The rules by which the action of this court is governed in such cases are laid down in *Hicks* v. *Stone*, 13 Minn. 398, (434;) *Rheiner* v. *Stillwater Street Ry. & Transfer Co.*, 29 Minn. 147; *Pratt* v. *Pioneer Press Co.*, ante, p. 41. The propriety of these rules was questioned and combated by the counsel for plaintiffs, but they are of long standing in this court, have been fully considered, and, as remarked in the very recent opinion in *Pratt* v. *Pioneer Press Co.*, we regard them as "sound in principle and salutary in practice." They do not, as counsel contends, permit a new trial to be granted at the

*Gilfillan, C. J., because of illness, took no part in this case.

mere whim or caprice of a trial judge. Whenever this court has rea-
son to believe that a new trial has been granted in that way, (a thing
not to be expected,) we shall not hesitate to reverse. Neither do
these rules authorize the counsel's apprehension that a trial court, by
repeatedly setting aside verdicts rendered in a particular case upon
substantially the same evidence, can, in effect, deprive a suitor of his
right of trial by jury. An appellate court will not necessarily sus-
tain an order granting a second or third new trial because it has sus-
tained one granting a first. See *Shaw* v. *Boston & Worcester R. Co.*,
8 Gray, 45, 85, and cases cited.

These views would dispose of the present appeal, but, with refer-
ence to a probable new trial, we shall do well to consider one other
matter discussed at bar. The evidence showed that at the time of,
or shortly after, the transfer to plaintiffs of the stock of goods alleged
to have been transferred to them by Cherry & Leach in fraud of cred-
itors, plaintiffs and Cherry & Leach entered into a written agreement,
by the terms of which the latter were to attend to plaintiffs' busi-
ness, (to wit, selling goods, and among others the goods transferred,)
as they should direct, to furnish room in which to do the same, and
to receive all goods for said business at Ortonville and deliver the
same at plaintiffs' place of business, (at Big Stone,) and, in consid-
eration thereof, plaintiffs agreed to pay Cherry & Leach 70 per cent.
of the net profits of the business. It was further provided that the
agreement should continue in force until its discontinuance was re-
quested by either party, upon giving 60 days' notice. It is contended
on behalf of defendants that this agreement is, on account of its two
last provisions, fraudulent upon its face as a matter of law. We are
not of this opinion. Assuming that it was made at the same time
as the alleged transfer of the goods, these provisions may neverthe-
less have been fairly entered into, with an honest purpose to fix a
fair compensation for the performance of the stipulated services, and
not with any intent (as is supposed by defendants) to enable Cherry
& Leach to carry on business for their own benefit, under a cover
fraudulent as to their creditors, nor as any part of a scheme of fraud.
See *Vose* v. *Stickney*, 19 Minn. 312, (367.) If we are right, it fol-

lows that the agreement cannot, as a matter of law, be said to be fraudulent upon its face. The question of its character as fraudulent or not is for a jury.

Order affirmed.