DANIEL L. PRATT *vs.* PIONEER PRESS COMPANY.

April 4, 1884.

Appeal—Jurisdiction of District Court until Return made.—Upon an appeal to the supreme court, the court below has jurisdiction to correct the record or make and settle a case until the return is made.—[REP.

| | |
|---|---|
| 32 | 217 |
| 42 | 302 |
| 32 | 217 |
| 47 | 401 |
| 32 | 217 |
| 59 | 264 |
| 32 | 217 |
| 67 | 432 |
| 32 | 217 |
| 83 | 411 |
| 83 | 412 |
| 83 | 413 |
| 83 | 416 |
| 83 | 417 |
| 83 | 418 |
| 83 | 443 |
| 32 | 217 |
| 84 | 20 |

---

June 12, 1884.

Practice—New Trial—Excessive Damages.—To warrant a trial court to set aside a verdict for excessive damages, the damages must be not merely *more* than the court would have awarded had it tried the case, but they must (especially in an action for defamation) so greatly and grossly exceed what would be adequate in the judgment of the court, that they cannot reasonably be accounted for, except upon the theory that they were awarded, not in a judicial frame of mind, but under the influence of pas-

sion,—that is to say, of excited feeling, rather than of sober judgment; or of prejudice,—that is to say, of a state of mind partial to the successful party, or unfair to the other.

**Same—Discretion of Court.**—A motion for a new trial on the ground of excessive damages appeals in a measure to the discretion of the trial court; that is to say, to its sound practical judgment, in view of all the relevant facts of the particular case.

**Same—Review by Appellate Court.** — When the propriety of an order granting a new trial for excessive damages comes before an appellate court for review, the question is not precisely that presented to the trial court on the motion for the new trial, but rather whether it clearly appears that the trial court, in granting the order, abused its sound discretion in failing to exercise a sound, practical judgment upon all the relevant facts before it.

**Libel—Words Actionable Per Se—Injury to Professional Standing— Malice.**—Defamatory words, falsely spoken or written of one in his profession, are actionable *per se;* and prejudice to the person defamed thereby, and malice on the part of the defamer, are implied in law.

Action for libel, brought in the district court for Hennepin county, and tried before *Lochren,* J., and a jury. Plaintiff had a verdict for $5,000, and appeals from an order granting a new trial upon the ground that the damages awarded were excessive. The alleged libel will be found at length in the report of a decision of this court, in 30 Minn. 41, upon a former appeal in this action.

The court below, in granting a new trial, filed the following decision :

"The amount of damages awarded appears to me to be not only excessive, but so grossly out of proportion to any possible injury which the plaintiff can have sustained by means of the alleged libel, as to make it seem impossible that the verdict can have been the result of the dispassionate, unprejudiced judgment of the jury. The alleged libel did not charge the plaintiff with any public offence or moral delinquency, and had no tendency to expose him to hatred, ridicule or contempt. It did not even disparage his skill or capacity in his profession. At most it can only be regarded as charging a lack of care and vigilance, in a single instance, and respecting a matter the care of which does not, perhaps, ordinarily devolve upon the attending physician ; not resulting in any injury to the patient, but having a lia-

bility to have resulted in such injury had the matter not been attended to by others.

"Aside from the mere publication of the article, there was no evidence tending to show malice. There was no recklessness of statement; but it appeared that the article was published in good faith, representing the facts without exaggeration, as they appeared to defendant's reporter on a personal investigation ; and so they appeared to the coroner, an experienced physician, who was acting in the matter in his official capacity, and in whose company, and with whose assistance, the reporter made his investigation. The evidence disproved the existence of any actual malice. It seems very near requiring a verdict for the defendant on the defence of justification, and would well have supported such a verdict.

"No special damages were alleged or proved; and the jury was instructed, as I think correctly, that if they found for the plaintiff, they could give him compensatory damages only, and exemplary or punitive damages should not be given. Five thousand dollars is a large sum, and should compensate for a very grievous injury. I cannot imagine how the plaintiff can have been damaged by this publication, and especially by anything false or unwarranted contained in it, in any sum at all approximating that amount.

"No cases were cited on the argument in which courts have set aside verdicts in actions for libel or slander, on the ground of excessive damages. And although I have made no extended search for precedents, I have made sufficient to convince me that such cases have been extremely rare. The question of damages in that class of actions has generally been surrendered by courts to what has been sometimes termed 'the despotic power of the jury.' But courts have generally asserted their *power* to set aside verdicts in such cases on the ground of excessive damages, if appearing to have been the result of passion or prejudice on the part of the jury. *St. Martin* v. *Desnoyer*, 1 Minn. 131, (156.) And an early case in the King's Bench is mentioned by Atkins, J., in *Lord Townsend* v. *Dr. Hughes*, 2 Mod. 150, 151, where a verdict in an action for slander was set aside by the court on the ground of excessive damages.

"Such power must exist in courts, to prevent the possibility of great

injustice. It must be conceded that it should be exercised with great, perhaps extreme caution. Nevertheless, its exercise becomes a matter of duty where the case demands it. In most actions for slander or libel the charge imputes some crime or vice, tending to degrade the plaintiff in the opinion of the community, or it has a tendency to bring the plaintiff into ridicule or contempt. Evidence of actual malice, or recklessness of statement from which such malice is inferable, has seldom been wanting; and there have been few such cases where the jury, if warranted in finding for the plaintiff, were not also warranted in giving exemplary or punitive damages in addition to compensatory damages. In such cases it would in general be impossible for a court to determine from the mere amount of damages that the jury has been actuated by passion or prejudice. But the case is free from that consideration.

"Impressed with the belief that the amount awarded by this verdict is so greatly in excess of any damages which the plaintiff can have sustained by reason of the alleged libel that it cannot be regarded as the result of dispassionate and unprejudiced judgment on the part of the jury, I cannot permit the verdict to stand without abdicating the power which courts have so often asserted in theory, and so seldom exercised in practice. *Ordered*, that the verdict in the action be set aside, and a new trial granted."

---

The appeal having been noticed for argument at the April term, 1884, the respondent, on the first day of the term, moved to strike the settled case from the record. The motion was denied, the following being filed April 4, 1884:

"*By the Court.* Until the return is sent to this court, the court below has, notwithstanding an appeal taken, jurisdiction to correct its record in a cause, or make and settle a 'case' or bill of exceptions."

---

*Thomas Kneeland* and *Boardman & Ferguson*, for appellant, cited 2 Addison on Torts, 648, §§ 151, 1164, 1391; Sedgwick on Damages,

630; 1 Graham & Waterman on New Trials, 426, 434, 451; 2 Id.
1138, 1151, 1153, 1175; Townshend on Libel and Slander, 541;
*Hicks* v. *Foster*, 13 Barb. 663; *Beaulieu* v. *Parsons*, 2 Minn. 26, (37;)
*Maclean* v. *Scripps*, 17 N. W. Rep. 815 ; *Thompson* v. *Mussey*, 3 Me.
305; *Brown* v. *Evans*, 17 Fed. Rep. 912 ; *Shaw* v. *Boston & W. R.
Co.*, 8 Gray, 45; *Johnson* v. *Hannahan*, 3 Strob. 425; *Swinnerton* v.
*Stafford*, 3 Taunt. 232 ; *Duggan* v. *Cole*, 2 Tex. 381; *Barrett* v. *Rogers*,
7 Mass. 297.

*Babcock & Davis*, for respondent.

BERRY, J.   This is an action for libel, in which a new trial was
granted by the trial court upon the ground that the damages ($5,000)
awarded to the plaintiff by the jury were excessive.   The statute con-
fers express authority upon the district court to grant a new trial for
"excessive damages appearing to have been given under the influence
of passion or prejudice."   (Gen. St. 1878, c. 66, § 253.)   This im-
plies a duty on the part of such court to sometimes overrule and set
aside the verdict of a jury on that ground.   To warrant this, how-
ever, the damages must be not merely *more* than the court would
have awarded if it had tried the case, but they must (especially in an
action for defamation) so greatly and grossly exceed what would be
adequate in the judgment of the court, that they cannot reasonably
be accounted for, except upon the theory that they were awarded, not
in a judicial frame of mind, but under the influence of passion,—that
is to say, of excited feeling, rather than of sober judgment; or of
prejudice,—that is to say, of a state of mind partial to the successful
party, or unfair to the other.   The damages must be so exorbitant
as to shock the sense of the court, and satisfy it that, after making
just allowance for difference of opinion among fair-minded men, they
cannot be accounted for except upon the theory that in the particular
case the proper fair-mindedness was wanting.   *Worster* v. *Prop'rs
Canal Bridge*, 16 Pick. 541; Townshend on Sland. & Lib. § 293, and
cases cited; *Kinsey* v. *Walace*, 36 Cal. 462; *Cook* v. *Cook*, 36 U. C.
Q. B. 553; *Potter* v. *Tompson*, 22 Barb. 87 ; Odgers on Lib. & Sland.
291 ; 1 Sutherland on Damages, 810; Hilliard on New Trials, c. 17,
§ 39 ; Hayne on New Trials, 265; 3 Grah. & Wat. on New Trials,
c. 13.

It must be confessed that this expression of the principles upon which new trials should be granted for excessive damages is somewhat general and at large; but these are substantially the principles enunciated by text-writers and in the adjudged cases; and the subject is one which, from its very nature, hardly admits of more specific treatment. A motion for a new trial on this, as on some other grounds, appeals in a measure to the *discretion* of the trial court. *Duffield* v. *Tobin*, 20 Ga. 428; 3 Grah. & Wat. N. T. 1127 *et seq.*, and cases cited. This does not mean that the motion is to be granted or denied at the mere pleasure or fancy or feeling of the court, but that, the matter being one which cannot be determined by the application of definite and precise rules, it is to be acted upon in the exercise of a sound practical judgment, in view of all the relevant facts of the particular case, or, to use a current expression, in view of the "whole situation." When, then, the propriety of an order granting a new trial for excessive damages comes before an appellate court for review, the question is not precisely that presented to the trial court, as above indicated, but whether it clearly appears (for here, as elsewhere, error must appear affirmatively, and every presumption is against it) that the trial court abused its sound discretion; or, as more fully stated, that it failed to exercise a sound practical judgment upon all the relevant facts before it.

Applying these views to the case in hand, we are forced to the conclusion that the order granting a new trial should be affirmed. We have no intention (especially as there is to be a new trial) of entering in this opinion into any detailed consideration of the testimony or its effect. But, after a careful perusal of the settled case, and due consideration of the suggestions of counsel, we find ourselves utterly unable to say that the learned district judge erred in the exercise of his discretionary authority to grant or refuse a new trial. On the contrary, it seems to us that the reasons for his action, as set forth in his memorandum—such as the absence of actual malice, the apparent good faith of the reporter, the character of the charge, the want of allegations and evidence of special damage—are of no inconsiderable weight.

It is to be remembered that in determining upon an application for

a new trial on the ground of an excessive verdict, as on other grounds, the trial judge occupies a position of practical advantage over an appellate court, especially when, as in this instance, the plaintiff is one of his own principal witnesses. There is a certain atmosphere of the case and trial, well known to the profession, which cannot be put upon paper. Upon all these considerations we find ourselves unable to conclude that there was any failure on the part of the judge below to exercise the proper, sound, practical judgment upon all the relevant facts of the case before him.

What is said in *Wilcox* v. *Landberg*, 30 Minn. 93, upon the point that an appellate court will not necessarily sustain an order granting a second or third new trial, because it has sustained one granting a first, although the facts may be substantially the same, has no application to this appeal. At the first of the two former trials of this case, the verdict was not set aside on the ground of excessive damages. At the second trial the jury failed to agree. The third trial, being that upon which the order now before us was made, appears, then, to be the *first* upon which a new trial has been granted for excessive damages.

These conclusions would dispose of the case, but with reference to a future trial we observe that, as held in this case when it was here before, (30 Minn. 41,) libels like that here charged are actionable *per se*, and neither proof of special damage or actual malice is necessary to the maintenance of an action therefor. The words complained of impute negligence to the plaintiff in his profession as a physician. The rule is well settled that where defamatory words are falsely spoken or written of one in his profession, prejudice to him, and malice on the part of the defamer, are implied in law. Cooley on Torts, 196; Bigelow on Torts, 38, 40, 46; *Simmons* v. *Holster*, 13 Minn. 232, (249;) Folkard's Starkie, Sland. & Lib. § 188; *Ingram* v. *Lawson*, 6 Bing. N. C. 212.

Order affirmed.