## FREDERICK KOPP vs. NORTHERN PACIFIC RAILROAD COMPANY.

### July 19, 1889.

**Injury to Lot by Excavation on Adjoining Lot — Liability for Acts of Contractor.**—Evidence *held* sufficient to show that the damage to plaintiff's lot, which is the subject of the action, was caused by the defendant's excavation upon an adjoining lot. It is immaterial that the excavation, which was made for defendant under the direction of its engineers, was done by contract at so much a yard.

**Same — Evidence of Cost of Retaining Wall.**—Evidence of the cost of retaining walls was proper to show whether or not the damage could have been repaired, and the plaintiff's lot preserved, at any reasonable cost.

**Same—Evidence of Diminution in Value.**—It appearing that the market value of the lot had not changed, evidence of the value thereof subsequent to the damage *held* not prejudicial.

**Same—Excessive Damages.**—Record *held* not to warrant the conclusion that the jury were influenced by passion or prejudice in assessing plaintiff's damages.

Plaintiff brought this action in the district court in Ramsey county, May 22, 1888, to recover $3,600 damages to a lot of ground caused by the excavation and carrying away of a great quantity of earth from a lot adjoining plaintiff's and lying below it on the hillside. The excavation was made in 1880, and the damages claimed are for injuries caused by the sinking of parts of plaintiff's lot into the excavation from time to time between June, 1883, and August 31, 1887. The complaint alleged that the excavation was made by the defendant, and this was put in issue by the answer. At the trial, before *Kelly,* J., the plaintiff proved that before the excavation was made, the defendant agreed with the owner of the lot excavated to remove therefrom such dirt as it required for filling certain low ground for purposes of a yard, he paying the defendant $500 for so doing; that the dirt was removed by means of steam shovels furnished by defendant, was loaded upon cars of defendant, upon a track laid by it, and was thence hauled by defendant's engines to the yard which it was making. The defendant offered in evidence a contract made in June, 1880, between it and one Graves, by which the defendant agreed to furnish tracks, locomotives, steam shovel, cars, and engineers, conductors, and brakemen, and Graves agreed "to do excavating and depositing of dirt," and to "excavate the material and deposit the same with train on the grounds of said party of the first part [defendant] in accordance with the directions of the engineer in charge of the work or his assistant," the contract containing various provisions as to the manner in which the work should be done, etc., and for payment at a certain price per yard for the material removed, "measured in the excavation by the engineer in charge or his assistant." The contract contained no designation of the place where the excavation was to be made or of the place at which the material was to be deposited. In connection with the contract the defendant offered to

prove that after the making of it Graves made the excavation in question; that the dirt taken therefrom was loaded on cars of defendant and hauled to its freight yards and there deposited by Graves, and that "the defendant exercised no control or direction over the manner or method in which such excavations were made." On plaintiff's objection the contract and the other evidence offered were excluded, and the defendant excepted. H. S. Fairchild, a real-estate dealer, called by plaintiff, testified, under objection and exception, that a year before the trial (which took place in October, 1888,) the plaintiff's lot in its natural condition was worth $4,000, and that on May 22, 1888, (the day of bringing suit,) the lot in its actual condition was worth but $1,500, and that values of real estate in the neighborhood had not changed between those dates; and testified in regard to a retaining wall as stated in the opinion. The same witness, on cross-examination, placed the value of the lot in 1880 at $1,200. The plaintiff had a verdict of $3,500. A new trial was refused on condition that plaintiff should remit all the verdict in excess of $2,000. This the plaintiff did, and the defendant appealed from the order.

*Jno. C. Bullitt, Jr.,* for appellant.

*S. P. Crosby,* for respondent.

VANDERBURGH, J. This action is brought to recover damages for injuries alleged to have been caused by an excavation of great depth made by the defendant upon land adjacent to the lot of the plaintiff, whereby the natural support was taken away, resulting in landslides, which carried away quantities of the earth and soil of his lot into the excavation. Questions of fact are raised in respect to the cause of the injury, whether it was occasioned by the defendant or by others, or by independent natural causes; also in respect to the extent and measure of damages, and the competency of certain evidence in relation thereto.

1. As to the cause of the injury, this question was properly and fairly submitted to the jury upon evidence tending to show that it was the result of the excavation made by the defendant upon the adjoining lot, as alleged. The written contract with one Graves, offered in evidence by the defendant, was properly rejected. It did

not tend to prove that the company was not responsible for the work. By its terms the excavation therein provided for was to be done for the defendant, and it was to furnish the track, cars, engine, switches, and steam-shovel to handle the dirt, which was to be removed to fill in its own grounds, and also the necessary trainmen to manage the cars and engine. It seems to have been a contract for such work generally, and no particular reference was made therein to this excavation, and the material was to be excavated and deposited on the company's grounds in accordance with the directions of the engineer in charge of the work.

2. The lot was 200 feet long by 50 feet in width, and had a frontage on two streets. A large part of it fell away, and the value of the frontage on one street is lost, and a retaining-wall would be necessary in order to restore and secure it; and the evidence shows that the cost of proper retaining-walls would be much more than the value of the entire lot. Evidence of the cost of a retaining-wall was proper to show whether or not the damage could have been repaired, and the lot preserved, at any reasonable cost. It therefore became necessary and proper to introduce the evidence of witnesses having knowledge of the value of the lot in the situation it was in before it was affected by the excavation, and in the condition it was left in after the damage had been done, in order to show the diminution in its value caused by the alleged wrongful acts of the defendant. The evidence of the market value of the lot was not strictly, as it should have been, confined to the proper dates; but we are of the opinion that there was no prejudice from this cause, for the reason that it is sufficiently obvious from the testimony that the prices and values had remained substantially unchanged. We do not think, therefore, that a new trial should be granted on this ground.

3. The damages allowed by the jury were in excess of what was warranted by the estimate of the relative values, as made by the only expert witness who testified directly on that subject. But the jury were not confined to the consideration of his evidence alone, and, as we may presume, formed their judgment in part from the extent of the injury to the lot as shown by the evidence, and the condition the lot was left in as compared with the value of the entire lot considered

as intact. Whether they were warranted in awarding damages in excess of the estimate of the witness we need not consider. It was the judgment of the trial court that the verdict was larger than it ought to have been, and that a new trial should be granted unless the plaintiff would consent to a reduction in a sum fixed by the court, which was agreed to by the plaintiff. And with that result as so adjudged the trial court is satisfied. We see nothing, however, to warrant the conclusion that the jury were influenced by improper motives in fixing the amount of the verdict as found by them.

Order affirmed.