HENRY NELSON *vs.* VILLAGE OF WEST DULUTH.

Submitted on briefs Nov. 28, 1893.    Reversed Dec. 18, 1893.

No. 8379.

**Measure of damages.**

In an action for trespass in casting and imposing earth on plaintiff's lot, the measure of damages is, in general, the difference between the value of the lot in its former state and the value after the earth is so imposed upon it.   If there be a building on the lot, not alleged to have been injured, evidence of its separate value is inadmissible.

**An assessment for a street improvement is not evidence of value.**

Where there is a street constructed along the lot, affecting its value, evidence of the amount of assessment the owner paid on account of the improvement is inadmissible on the question of the value of the lot.

**Nor is the cost of removing earth or building a retaining wall.**

In such an action, evidence of what it would cost to remove the earth, and to build a retaining wall to keep it off, is not admissible to increase the damages beyond the diminution in value of the lot.

**Excessive or inadequate damages as ground for a new trial.**

In an action in tort, the objection that the damages recovered are excessive or inadequate and insufficient, as a ground of motion for a new trial, comes under subdivision 4, and not subdivision 5, 1878 G. S. ch. 66, § 253, as amended, Laws 1891, ch. 80.

**Passion or prejudice of the jury the ground.**

In such case it is not enough that the damages are, in the opinion of the court, too large or too small.   They must appear to have been given under the influence of passion or prejudice.

**Opinion of the trial court on the question of passion or prejudice of the jury.**

When the case comes under subdivision 4, the doctrine of *Hicks* v. *Stone*, 13 Minn. 434, (Gil. 398,) does not apply.

Appeal by the defendant, the Village of West Duluth, from an order of the District Court of St. Louis County, *Frederick Hooker*, J., made April 8, 1893, granting plaintiff's motion for a new trial.

The plaintiff, Henry Nelson, brought this action to recover $800 damages to lot one (1) in block twenty six (26) in Grassy Point Addition to West Duluth, by filling in earth upon it in grading a street. The issues were tried November 26, 1892, and plaintiff had a verdict for only $25.   He moved for a new trial, on the ground that
v.55M.—32

the damages were inadequate and insufficient, and given under the influence of prejudice and passion; also for errors of law occurring at the trial and excepted to by him. The Court granted the motion and ordered a new trial. The defendant appeals.

*H. H. Phelps,* for appellant.

The difference in value of the lot before and after the fill was made, was the proper measure of damages, and the Judge so instructed the jury. *Karst* v. *St. Paul, S. & T. F. R. Co.,* 22 Minn. 118; s. c. 23 Minn. 401; *Baldwin* v. *Chicago, M. & St. P. Ry. Co.,* 35 Minn. 354; *Barnett* v. *St. Anthony Falls W. P. Co.,* 33 Minn. 265; *Carner* v. *Chicago, St. P., M. & O. Ry. Co.,* 43 Minn. 375; *Hayes* v. *Chicago, M. & St. P. Ry. Co.,* 45 Minn. 17; *Hosking* v. *Phillips,* 3 Exch. 168.

The amount of the assessment which the village had levied against the lot for street improvement was not proper evidence of damages in this case, nor was the cost of removing the earth, or of building a retaining wall, and evidence thereof was properly excluded. Plaintiff did not mention these matters in his complaint or ask damages on account of them. The lot was low and some of the witnesses thought the filling in over the line of the street did not diminish its value. There is nothing in the case to indicate prejudice or passion on the part of the jury.

For these reasons the Court below was wrong in granting a new trial. We ask that the order be reversed.

*J. B. Richards,* for respondent.

The order granting a new trial should be affirmed under the rule adopted by this Court in *Hicks* v. *Stone,* 13 Minn. 434, and followed and applied in numerous cases since. *Fox* v. *Burke,* 29 Minn. 171; *Young* v. *Davis,* 30 Minn. 293; *Clapp* v. *Minneapolis & St. L. Ry. Co.,* 33 Minn. 22; *Werner* v. *Schroeder,* 38 Minn. 321.

The new trial was asked and granted because the Judge excluded evidence of the value of the building on the lot, and of the amount of the assessment for street improvement, and of the cost of removing the earth and building a retaining wall. *Nichols* v. *City of Duluth,* 40 Minn. 389; *Kopp* v. *Northern Pac. R. Co.,* 41 Minn. 310; *McCarthy* v. *City of St. Paul,* 22 Minn. 527.

GILFILLAN, C. J. The action is for a trespass upon real estate. The defendant, a municipal corporation, in grading a public street in front of plaintiff's lot, which seems to have been in low ground, built an embankment, the slope of which, wholly or in part, extended over and rested upon the lot. On the trial the jury rendered a verdict in favor of the plaintiff for $25. He moved for a new trial, on the grounds stated: "(1) For error of law occurring at the trial, and excepted to by plaintiff; (2) inadequate and insufficient damages appearing to have been given under the influence of prejudice." The court granted the motion,—on which ground does not appear; so that, if the order is justifiable on either, it must be sustained.

The first error in law claimed by respondent was in excluding evidence of the value of a building on the lot. The complaint does not allege any injury done to the building; only that in times of high water the water will run through and under it. The legal measure of damages in such a case is the difference between the market value of the lot in its original state, with the building on it, but with the street grade there, and its market value after the slope had been imposed on it; and the court admitted all evidence offered of that. There was no error in excluding evidence of the separate value of the building. The court also excluded evidence offered by plaintiff of the amount of assessment he paid for the street improvement. That would not have been any evidence of the value of the lot, any more than would have been evidence of how much he paid to clear off an incumbrance. The graded street was there, and it probably benefited the lot,—enhanced its value,—but the benefit and enhancement were just the same whether he paid much or little, or did not pay anything, to have the improvement put there. We do not overlook the fact that a witness testified that an assessment enhances the value of the property all it costs. That is as absurd as to say that a building, though it may be worth but $500, enhances the value of the lot of which it has become a part $2,000, because it cost the owner that to put it there.

The court also excluded evidence offered by plaintiff of what it would cost to remove the slope, and build a retaining wall to prevent the earth in the embankment falling down upon the lot. As we have stated, the measure of damages in such a case is the

diminution in value caused by the slope extending over upon the lot. In general, that is the limit of the recovery; but, because it is sometimes one's duty to use reasonable effort to avert or lessen the consequence of an injury from the wrong of another, it is sometimes admissible for the defendant to show that the property can be restored to its original state of usefulness at a cost less than the amount of diminution in value if nothing be done. This was assumed in *Karst* v. *St. Paul, S. & T. F. Ry. Co.*, 23 Minn. 401; *Barnett* v. *St. Anthony Falls Water-Power Co.*, 33 Minn. 265, (22 N. W. 535;) and *Kopp* v. *Northern Pacific R. Co.*, 41 Minn. 310, (43 N. W. 73.) Such evidence is admissible, however, only to reduce, not to increase, the damages recoverable, under the general rule. The evidence offered could not have benefited plaintiff, so he could not complain. There was no error of law for which a new trial could be granted.

The other ground—inadequacy of damages—remains to be considered. In an action in tort, the objection that the damages are excessive or inadequate, as a ground of motion for a new trial, comes under subdivision 4, and not subdivision 5, of 1878 G. S. ch. 66, § 253, as amended, Laws 1891, ch. 80, which was not called to our attention in *Henderson* v. *St. Paul & Duluth R. Co.*, 52 Minn. 479, (55 N. W. 53.) That subdivision reads: "Excessive or inadequate or insufficient damages, appearing to have been given under the influence of passion or prejudice." Under that subdivision, it is not enough that the damages may, in the opinion of the court, be too large or too small; it must appear that they were given under the influence of passion or prejudice. Ordinarily, this would appear from the verdict being so large or so small, when compared with what the evidence indicates it ought to be, that the court must conclude that the jury did not arrive at the amount upon a fair and impartial consideration of the evidence. There is nothing in this case to justify a suggestion of that.

When the case comes under subdivision 4, the doctrine in *Hicks* v. *Stone*, 13 Minn. 434, (Gil. 398,) does not apply.

Order reversed.

(Opinion published 57 N. W. Rep. 149.)