## EUGENE F. LANE *vs.* LYMAN C. DAYTON.

Submitted on briefs Nov. 27, 1893.   Affirmed Jan. 2, 1894.

No. 8484.

**Motion for new trial.**

> In an action in which the plaintiff is entitled to actual damages only,—as distinguished from an action in which the damages are in the discretion of the jury,—and he obtains more or less than he ought, a motion for a new trial is properly made upon the ground that the verdict was not justified by the evidence, under 1878 G. S. ch. 66, § 253, subd. 5, as amended by Laws 1891, ch. 80.

**The evidence considered.**

> *Held,* that the evidence received upon the trial of this cause was not so manifestly and palpably in favor of the verdict as to warrant this court in reversing an order of the court below granting a new trial, upon the ground that the verdict was not justified by the evidence.

Appeal by plaintiff, Eugene F. Lane, from an order of the District Court of Ramsey County, *John W. Willis*, J., made April 8, 1893, granting defendant's motion for a new trial.

The plaintiff is an attorney and counsellor at law doing business at St. Paul and was employed as such in 1888 by the defendant, Lyman C. Dayton, and subsequently, to advise him in the management of his business and to conduct for him several litigations in which he was involved. This action was commenced December 2, 1892, to recover a balance claimed by plaintiff for these services. The issues were tried March 8, 1893. The jury returned a verdict for the plaintiff and assessed his damages at $8,000. Defendant moved the Court for a new trial on the ground that the verdict is not justified by the evidence and is contrary to law. The Court granted the motion and plaintiff appeals.

*James E. Markham,* for appellant.

A motion for a new trial on the ground that the verdict is not justified by the evidence does not raise or present the question that the damages awarded to the prevailing party are excessive.

*Lyman C. Dayton, pro se.*

COLLINS, J.   In an action brought by an attorney at law to recover for professional services rendered to defendant, a verdict was returned in plaintiff's favor for $8,000.   Defendant's motion for a new trial was granted, upon the sole ground, as stated in the order of the court, that the verdict was not justified by the evidence adduced.   On the trial the only issue was as to the value of the plaintiff's services, so that, without objection from the defendant, the court charged that, under the evidence, plaintiff was entitled to recover, at least, the amount conceded by defendant and his witnesses, which was about one-fourth ·of the amount of the verdict. The new trial was ordered because, in the opinion of the court before whom the action was tried, the evidence did not justify a verdict for so large a sum, not that the plaintiff's cause of action was wholly unsupported by the proofs.

It is claimed by counsel for appellant that as, upon the evidence and charge, plaintiff was entitled to a verdict for some amount, an order for a new trial could not be based upon the ground specified in the motion, and provided for by 1878 G. S. ch. 66, § 253, subd. 5, as amended by Laws 1891, ch. 80, (that the verdict was not justified by the evidence,) but that, under the circumstances, the motion could only be made, and the order could only have been predicated, upon the ground enumerated in the fourth subdivision of the same section, namely, excessive damages, appearing to have been given under the influence of passion or prejudice.   We have therefore to first determine whether, in an action growing out of a contract wherein a motion for a new trial has been granted solely because the verdict rendered was for too large an amount, the trial court can rest its action and its order upon the fifth subdivision of the section referred to.   And this determination necessarily involves a question of much importance to the practitioner.   Must he, when making his motion for a new trial in such a case, base it upon the ground specified in the fifth, or must he place it upon that mentioned in the fourth, subdivision?   The views of the court upon this question have already been intimated in *Nelson* v. *Village of West Duluth,* 55 Minn. 497, (57 N. W. 149,) in which it was held that in an action in tort the objection that the damages recovered are excessive, or inadequate and insufficient, as a ground for a motion for a new trial, comes under the fourth subdivision, not under

the fifth. The fourth was evidently intended to apply to those cases in which the damages are within the discretion of the jury, and in which, because of passion and prejudice, juries may not act discreetly. Where the plaintiff is entitled to actual damages only, and obtains more or less than he ought, the motion should be made under the fifth subdivision, and on the ground of the insufficiency of the evidence to justify the verdict. These are the views expressed by Mr. Haynes, in his work upon New Trials and Appeals, when speaking (in section 94) of similar provisions in the California Code, and we regard them as sound. A verdict in an action where the plaintiff is entitled to actual damages, as distinguished from those in which no fixed and definite rules are to control the jury, for too large or too small an amount, is certainly not justified by the evidence, and in such a case it ought not to be required by the moving party that he make it appear that passion or prejudice entered into and influenced the deliberation of the jury, as he would have to do should he be obliged to predicate his motion upon the fourth subdivision.

In respect to the appellant's contention that the court below usurped the functions of the jury when granting a new trial, upon the ground that the verdict was not justified by the evidence, we need but to say that, in our opinion, the evidence received upon the trial was not so manifestly and palpably in favor of the verdict as to warrant this court in reversing the order of the court below.

Order affirmed.

(Opinion published 57 N. W. Rep. 328.)

Application for reargument denied January 18, 1894.