STATE OF MINNESOTA v. SHEVLIN–CARPENTER COMPANY.[1]

November 11, 1896.

Nos. 10,188—(40).

**Appeal—Order Granting New Trial.**

*Held*, the evidence was not so manifestly and palpably in favor of the verdict that, under the rule of Hicks v. Stone, 13 Minn. 398 (434), the lower court abused its discretion by granting a new trial. The case of Nelson v. Village of West Duluth, 55 Minn. 497, distinguished and criticised.

**Evidence—Plat.**

*Held*, the court erred on the trial by receiving in evidence a certain paper containing statements which, if properly proved, would be material evidence.

Appeal by plaintiff from an order of the district court for Hennepin county, Smith, J., granting a motion for a new trial, after a verdict in favor of plaintiff for $9,211.87. Affirmed.

*Warner, Richardson & Lawrence* and *H. W. Childs*, for appellant. *J. B. Atwater* and *A. B. Jackson*, for respondent.

[1] Reported in 68 N. W. 973.

CANTY, J.   The plaintiff appeals from an order of the court below granting a new trial after a trial by jury and a verdict for plaintiff.   The case was here on a former appeal.   See 62 Minn. 99, 64 N. W. 81.   Appellant contends that there was no error committed on the trial, and that there was ample evidence to sustain the verdict.

1. The action is for the conversion of saw logs cut on the land of the state, and the only conflict of evidence on the trial was as to the quality and value of the logs so converted.   Although we feel that the verdict is supported by substantial evidence, yet the evidence was contradictory on the points above stated, and we cannot say, under the rule laid down in Hicks v. Stone, 13 Minn. 398 (434), which has been so long followed, that the court abused its discretion in granting a new trial.

But appellant cites the case of Nelson v. Village of West Duluth, 55 Minn. 497, 57 N. W. 149, and contends on the authority of that case that the rule of Hicks v. Stone does not apply.   It is true that it was held in the Nelson case that the trial court could not grant a new trial under G. S. 1894, § 5398, subd. 4, unless the damages awarded were so excessive or inadequate as to appear to have been given under the influence of passion or prejudice.   The fourth subdivision has reference more particularly to cases in which there is no rule for estimating the amount of damages except that found in the discretion of the jury, as where the damages are for personal injury.   But the Nelson case was not such a case.   There the measure of the damages was the difference between the value of a house and lot before the commission of a certain trespass and the value afterwards.   In Lane v. Dayton, 56 Minn. 90, 57 N. W. 328, the court attempted to distinguish the Nelson case on the ground that it was an action of tort, while the Lane case was an action on contract; but we can see no reason why the fourth subdivision should apply any more to an action on contract than to an action of tort, when the amount of damages must in each case be estimated by competent witnesses sworn and examined on the trial.   In either case the question of excessive or inadequate damages on a motion for a new trial more properly comes under the fifth subdivision, as it does also in the case at bar.

But we are not satisfied to rest the case on this narrow ground. The Nelson case has never been followed, and, in our opinion, should not be, even in cases where the fourth subdivision more properly ap-

plies, to wit, cases where expert evidence as to value or amount of damages is incompetent. It has almost universally been held that it is discretionary with the trial court to grant a new trial on the ground that on the evidence substantial justice has not been done, and an appellate court will interfere only in case of an abuse of discretion. See the great number of cases cited in 16 Am. & Eng. Enc. Law, 501, tit. "New Trial," and 2 Enc. Pl. & Prac. 414, tit. "Appeal."

2. We are also of the opinion that the court below erred on the trial in receiving in evidence Exhibit C against the objection and exception of defendant. This paper simply purports to be a plat of the land on which the saw logs were cut, and a statement of the amount, quality, and value of the logs growing on such land. The paper is dated June 9, 1888, and signed "J. H. Spencer." It nowhere appears who Spencer is, and no evidence was offered which would or could in any manner make this document competent evidence of the facts stated in it. We will not review the questions disposed of by the former appeal.

Order affirmed.