### MARY BLUME v. DORA SCHEER.[1]

June 7, 1901.

Nos. 12,592—(134).

**New Trial—Defamation of Character.**

> G. S. 1894, § 5398, subd. 4 ("New Trials"), has reference to and applies in cases in tort in which there are no fixed rules for ascertaining or estimating the amount of damages,—such, for illustration, as actions brought for defamation of character.

**Same—Excessive Damages.**

> In such cases the damages awarded by verdict must be so excessive as to shock the sense of the court, and satisfy it that, after making just allowance for the difference of opinion among fair-minded men, the amount cannot be accounted for except on the theory that the jury was governed by passion or prejudice.

**Same.**

> Whether the verdict is so excessive as to bring the case within the rule must be determined by comparing the evidence in the case with the verdict.

[1] Reported in 86 N. W. 446.

**Hicks v. Stone Inapplicable.**

> The well-known rule laid down in Hicks v. Stone, 13 Minn. 398 (434), does not apply in such cases.

**Error to Reduce Verdict.**

> *Held*, in the case at bar, which was an action for defamation of character, that there is nothing in the evidence which shows, upon comparison of the same with the verdict, that the amount thereof ($550) was at all excessive, or that it was arrived at through passion or prejudice on the part of the jury; and *held*, further, for this reason, that the court below was not justified in reducing the verdict to the sum of $100.

Action in the district court for Renville county to recover $5,000 damages for slander. The case was tried before Powers, J., and a jury, which rendered a verdict in favor of plaintiff for $550. From an order granting a motion for a new trial unless plaintiff should consent to a reduction of the verdict to $100, plaintiff appealed. Reversed and remanded.

*A. V. Rieke* and *Somerville & Olsen*, for appellant.

*Baldwin & Howard, John Dalzell* and *W. A. McDowell,* for respondent.

COLLINS, J.

Action for defamation of character, in which the plaintiff secured a verdict for $550. The defendant's motion for a new trial was made upon the grounds mentioned in the second, fourth, fifth, and seventh subdivisions of G. S. 1894, § 5398. The order of the court on this motion was that it be granted unless within ten days after service of a copy all of the verdict in excess of $100 be remitted by plaintiff.

It is very clear from the condition therein that this order could not have been predicated upon any of the grounds mentioned, except the fourth, namely, excessive damages, appearing to have been given under the influence of passion or prejudice, and we must so consider the appeal. Counsel for defendant take the position that it is wholly within the discretion of the trial court to make an order of the nature of that appealed from; that the case comes directly within the rule laid down in Hicks v. Stone, 13 Minn. 398 (434), so often followed by us, and, as a consequence,

that the order should be affirmed. We are of the opinion that the doctrine of Hicks v. Stone has no application in a case of this character.

It is obvious, however, that some confusion has arisen out of what has been said in some of our decisions. In Nelson v. Village of West Duluth, 55 Minn. 497, 57 N. W. 149, it was held that in an action in tort the objection that the damages are excessive or inadequate, as a ground of motion for a new trial, comes under subdivision 4, and not under subdivision 5, of G. S. 1878, c. 66, § 253, as amended by Laws 1891, c. 80 (section 5398, subd. 4, supra). But in State v. Shevlin-Carpenter Co., 66 Minn. 217, 68 N. W. 973, this assertion was criticized, and it was said that

"The fourth subdivision has reference more particularly to cases in which there is no rule for estimating the amount of damages, except that found in the discretion of the jury, as where the damages are for personal injury," and, further, "The Nelson case has never been followed, and, in our opinion, should not be, even in cases where the fourth subdivision more properly applies, to wit, cases where expert evidence as to value or amount of damages is incompetent."

The statement in the Nelson case was inaccurate, because it included all actions in tort, and failed to distinguish between those in which there is a fixed rule by which the damages can be ascertained—such, for instance, as trespass upon real property (that case), or for the conversion of saw logs (the Carpenter case)—and actions wherein the damages cannot be liquidated or determined, by fixed rules of law; that is, by expert evidence as to the amount of damages. For illustration, actions for alienation of affections or defamation of character. This distinction was not overlooked in one of our leading cases on this matter (Pratt v. Pioneer Press Co., 32 Minn. 217, 18 N. W. 836, 20 N. W. 87), wherein it was held, when speaking of subdivision 4, that, to warrant an order for a new trial upon the ground of excessive damages in an action for defamation of character, they must not be merely more than the court would have awarded if it had tried the case, but the amount awarded so greatly and grossly exceed what would be adequate, in the judgment of the court, that they cannot reason-

ably be accounted for except upon the theory that they were awarded, not in a judicial frame of mind, but under the influence of passion (that is to say, of excited feeling, rather than sober judgment), or of prejudice, and with a state of mind partial to the successful party or unfair to the other. Said the court, at page 221:

"The damages must be so exorbitant as to shock the sense of the court, and satisfy it that, after making just allowance for difference of opinion among fair-minded men, they cannot be accounted for except upon the theory that in the particular case the proper fair-mindedness was wanting";

a large number of cases being cited in support of the proposition.

The criticism found in State v. Shevlin-Carpenter Co. was wholly unnecessary to the decision, and we do not now approve it. The true rule is that in actions for defamation, and kindred cases in tort, the amount to be awarded is referred to the discretion of the jury, and the court will not ordinarily interfere unless the amount is so unreasonable and excessive as to be indicative of passion, prejudice, partiality, or corruption of the jury. As the estimate of damages in cases of this character is peculiarily within the province of the jury, it is particularly incumbent upon the courts to forbear any encroachment upon the functions of the jury in this particular, save in strong cases of injustice. And this is practically what was said in Pratt v. Pioneer Press Co., supra, and again in the later case of Fredrickson v. Johnson, 60 Minn. 337, 62 N. W. 388,—both actions for defamation of character. There is no question, under the decisions of this state, of the right of the trial court to grant new trials for excessive damages appearing to have been given under the influence of passion and prejudice, in cases where the damages are not capable of ascertainment by any fixed legal rules; that is, when expert or opinion evidence as to the amount is not admissible. But, as said before, in this class of torts the rule of Hicks v. Stone, supra, is not applicable, although it is not to be overlooked (and the fact may have led to some misapprehension) that, as stated in some of the decisions, excessive or inadequate damages awarded by a jury, urged as a ground for a new trial,

"Is but a branch of another more general ground, viz. that the verdict is contrary to the evidence; for it is evident that, if the damages be either excessive or too small, the verdict must be contrary to the evidence."

In a proper case a trial court has this power, and it must follow that it may exercise it conditionally by imposing upon the successful party the option of accepting a new trial, or remitting such part of the damages as justice may require. We are aware, however, that the courts are not agreed upon this, and that in many it has been held that a grossly-excessive verdict cannot be cured by remittit damma. But this practice has grown to be a custom in this jurisdiction, and cannot be now disturbed. And this court has several times cut down verdicts in cases within the class to which this belongs because we regarded them as excessive. McCarthy v. Niskern, 22 Minn. 90; Mitchell v. Mitchell, 60 Minn. 12, 61 N. W. 682; Peterson v. Western Union Tel. Co., 75 Minn. 368, 77 N. W. 985.

We are now brought to consider whether, under the rule hereinbefore stated, and particularly that laid down at length in Pratt v. Pioneer Press Co., supra, the trial court was justified in directing that a new trial be had unless the conditions imposed are accepted by the successful party, and in considering this question the situation is precisely as if a new trial had been ordered unconditionally. That a part of the verdict was reserved to the plaintiff by the order does not mitigate or cure the error, if any was committed. The inquiry is, were the damages awarded by the verdict so unreasonable and excessive as to appear to have been given under the influence of passion or prejudice,—

"So exorbitant as to shock the sense of the court, and satisfy it that, after making just allowance for difference of opinion among fair-minded men,"

the verdict, as to amount, cannot be accounted for upon any other theory than that of passion or prejudice on the part of the jury? This question must be determined solely from the evidence in the case and the amount of the verdict. They must be compared, and if, from the evidence, it appears that the amount of the verdict is

so excessive as to indicate passion or prejudice, the order appealed from must be affirmed; otherwise, it must be reversed. No outside matters are to be considered, and we are to pass upon it on the record solely, and as an original question.

We cannot give weight to the fact that the court below saw the witnesses, listened to the testimony, had opportunity to observe the feeling, if any, that was exhibited at the trial between the parties, and could, perhaps, determine whether the action was brought to maintain the plaintiff's character, or to satisfy a vindictive disposition and to spitefully punish because there was an opportunity. All these matters must be excluded when considering the evidence. It resolves itself into a question as to whether there was anything in the evidence which indicated that the jury rendered the verdict in the sum of $550 under the influence of passion or prejudice. In effect, the words alleged to have been spoken by the defendant of and concerning the plaintiff charged her with having whipped her husband, and thereby caused or hastened his death. Under the decisions of this court, they were clearly actionable per se. In their ordinary acceptation, they would naturally and presumably be understood as imputing a charge of the commission of a crime,—a very serious one, also. The defendant admitted that, in substance, she uttered these words, but claimed that she simply repeated what had been told her by another woman, to whom she gave credit at the time; but this was no justification or defense for her utterances. The plaintiff and the defendant were sisters-in-law,—the former a widow. There had been a quarrel between them over a trespass by cows more than five years before the trial, during which they exchanged very obnoxious language of and concerning each other. For five years prior to the speaking of the words complained of, they had not spoken to each other, and, so far as the record shows, perfect peace prevailed. There was no immediate provocation or excuse for defendant's making the charge set forth in the complaint. Possibly the whole affair was nothing but a quarrel between relatives, in which neither party exhibited any sense of decency, but not even that condition of things appears from the

testimony. The record discloses that, without excuse and deliberately, the defendant charged plaintiff with the commission of a crime, and the jury assessed the damages at $550; and there is nothing in the evidence which shows, upon comparison thereof with the verdict, that the amount was at all excessive, or was arrived at through passion or prejudice on the part of the jury. Taking judicial notice of verdicts heretofore rendered in similar cases, it would seem to be fair and just in amount. It certainly was not unusually large.

The order appealed from is reversed, with directions that, when remanded, judgment be entered on the verdict.

LEWIS, J. (dissenting).

I dissent. The opinion of the majority only adds confusion to confusion. In my judgment, no distinction can logically be made in applications for new trials under G. S. 1894, § 5398, subd. 4, between actions in tort and other actions; between actions where there are no fixed rules for ascertaining the amount of damages, and actions where there are such rules. There is no distinction between the application of the doctrine of "prejudice and passion" in a case where such influence arises from the mere size of the verdict, and a case where it is inferred from the demeanor of the witnesses or the conduct of the trial.

There have never been any well-defined rules established by the decisions of this court as to this matter. In Nelson v. Village of West Duluth, 55 Minn. 497, 57 N. W. 149, in an action for trespass, it was held that an application for a new trial upon the ground that the verdict was excessive or inadequate, because of passion or prejudice, should be made under the fourth subdivision; and in the opinion it was stated by Chief Justice GILFILLAN that it was not enough that the damages may, in the opinion of the court, be too large or too small, but it must appear that they were given under the influence of passion or prejudice. There is nothing in the opinion, however, indicating an intention to draw the distinction now made. Lane v. Dayton, 56 Minn. 90, 57 N. W. 328, was an action to recover for professional services, and plaintiff recovered $8,000. Upon an application for a new trial under the

fifth subdivision, it was granted upon the ground that the verdict was not justified by the evidence. The only point before the court was whether or not, under the fifth subdivision, a new trial could be granted upon the ground that the evidence did not support so large a verdict. The question of passion or prejudice was not involved, and it was correctly decided that the appeal was properly taken under that subdivision. But the distinction attempted to be made in the opinion in that case between damages which rested in the discretion of the jury, and actual damages only, is unsound, and ought not to be adopted as a fixed rule of practice. State v. Shevlin-Carpenter Co., 66 Minn. 217, 68 N. W. 973, was an action in conversion, and the plaintiff secured a verdict for $9,000. Application for a new trial was made under the fourth and fifth subdivisions, and it was held that the new trial was properly granted under the fifth subdivision. In the opinion it is stated there was no difference, in respect to the application of subdivision 4, between actions in tort and civil actions, and that the fourth subdivision had reference more particularly to cases where the amount of damages rested in the discretion of the jury; but the court was not satisfied to rest its decision upon such narrow grounds, and it was based upon the principles arising under the fifth subdivision.

A definite and simple rule of practice should be defined at this time in regard to appeals under the fourth and fifth subdivisions, and it should be established that, in all cases where a verdict is attacked upon the ground that it is excessive or insufficient because of prejudice or passion, the application for a new trial should be made under the fourth subdivision. It is immaterial whether or not such passion or prejudice arises from the nature of the evidence, the amount of the verdict, or the method of conducting the trial; if the verdict is attacked upon the ground that it has been influenced by passion and prejudice of the jury arising from any cause, the question should be reviewed under the fourth subdivision. And, in determining that question upon a motion for a new trial, the trial court should exercise a sound discretion, within the principles laid down in the case of Pratt v. Pioneer Press Co., 32 Minn. 217, 18 N. W. 836, 20 N. W. 87. In addition

to the excerpt from that case embraced within the majority opinion, the following language is pertinent:

"A motion for a new trial on this, as on some other grounds, appeals in a measure to the discretion of the trial court.   *   *   * This does not mean that the motion is to be granted or denied at the mere pleasure or fancy or feeling of the court, but that, the matter being one which cannot be determined by the application of definite and precise rules, it is to be acted upon in the exercise of sound practical judgment, in view of all the relevant facts of the particular case, or to use a current expression, in view of the 'whole situation.'   *   *   *   It is to be remembered that in determining upon an application for a new trial on the ground of an excessive verdict, as on other grounds, the trial judge occupies a position of practical advantage over an appellate court,—especially when, as in this instance, the plaintiff is one of his own principal witnesses.  There is a certain atmosphere of the case and trial, well known to the profession, which cannot be put upon paper."

And in such a case the question for review before this court is whether or not the trial court abused its discretion in ruling upon the matter.  As stated in the opinion in Pratt v. Pioneer Press Co., supra, at page 222:

"When, then, the propriety of an order granting a new trial for excessive damages comes before an appellate court for review, the question is not precisely that presented to the trial court, as above indicated, but whether it clearly appears   *   *   *   that the trial court abused its sound discretion, or, as more fully stated, that it failed to exercise a sound, practical judgment upon all the relevant facts before it."

In the present case, appellant made application for a new trial under both the fourth and fifth subdivisions, and the court granted a new trial unless plaintiff should elect to accept the amount of $100, and it does not appear under which of these two subdivisions the motion was granted.  In the majority opinion it is stated that the order was predicated upon the grounds mentioned in the fourth subdivision, but I am unable to discover any reason why the order of the court is not sustainable upon the ground that the evidence did not justify the verdict, regardless of the question of prejudice and passion.  In effect, the court holds that a new trial could not be granted under either subdivision.

83 M.—27

To my mind, the order of the court below should be affirmed upon either of two grounds: First. Under the fourth subdivision, the record discloses enough to indicate that the conduct of the trial, in connection with the nature of the evidence as to the family quarrel, was sufficiently unduly to influence the jury in rendering their verdict, so it cannot be said that the court, in reviewing that question, did not exercise a sound legal discretion. Second. It also appears that the order of the court should be sustained under the fifth subdivision, under the doctrine of Hicks v. Stone. The evidence disclosed the fact that the parties interested were related by marriage, but there had existed a family quarrel of long standing, and that abusive and vile names had been hurled at each other. Under such circumstances, it is a doubtful question whether or not one personally engaged in the quarrel and calling names was damaged to any considerable amount by the language complained of.

BROWN, J. (dissenting).

I concur with Justice LEWIS. Hereafter trial courts must understand that they can exercise no discretion, or "sound practical judgment," which is the same thing, in the matter of reducing verdicts to make them conform to the justice of the case. The atmosphere and the conduct of the parties at the trial, and other matters which cannot be put upon paper, as observed in the case of Pratt v. Pioneer Press Co., 32 Minn. 217, 18 N. W. 836, 20 N. W. 87, must not be considered in this connection, but the trial court must adopt, as its sole guide in determining whether a verdict should be reduced or not, the evidence as it appears in the cold record, and the amount of the verdict. If, from a comparison of the two, the trial judge is of opinion that the verdict is so large as to be likely to shock the supreme court when the case reaches that tribunal, it may be reduced; otherwise, not.