# WILLIAM OTT v. TRI-STATE TELEPHONE & TELEGRAPH COMPANY.[1]

November 20, 1914.

Nos. 18,867—(108).

**New trial — excessive damages.**

1. A new trial will not be granted on the ground of excessive damages nor will the verdict be reduced, except upon the ground that the damages were awarded under the influence of passion or prejudice.

**Same — discretion of court.**

2. The question whether a motion for a new trial on the ground of excessive damages should be granted, or whether the verdict should be reduced, rests in the practical judgment and sound judicial discretion of the trial court. The order of the trial court disposing of such a motion will not be reversed, unless such discretion has been abused.

Action in the district court for Ramsey county to recover $15,668 for personal injury received in a collision with defendant's automobile. The answer alleged that the injuries were caused by plaintiff's negligence. The case was tried before Dickson, J., who denied defendant's motion for a directed verdict, and a jury which returned a verdict for $8,000. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Bracelen & Cronin,* for appellant.
*Wickersham & Churchill,* for respondent.

HALLAM, J.

Plaintiff was injured by collision with an automobile of defendant. He recovered a verdict in the sum of $8,000. The only contention on this appeal is that the damages are excessive. Plaintiff produced testimony of injuries, in general as follows: A fracture of the lower jaw, leaving it in such a condition that it will not nor-

[1] Reported in 149 N. W. 544.

mally open or move from side to side, and leaving it out of adjustment so that the upper and lower jaws do not meet; as a result of these conditions, mastication is imperfect, causing indigestion and dyspepsia; fracture of the nasal bones; this injury has caused disfigurement of the face, and a stoppage of the nasal passages and improper drainage resulting in impaired sense of smell and severe headaches; impaired eyesight; disordered nervous system so that he suffers from sleeplessness, loss of memory and impaired power of cerebration. As to nervous disorder, the testimony is in sharp conflict, but the evidence on behalf of plaintiff tends to prove a condition quite severe. In general, the evidence on behalf of plaintiff tends to prove a substantially impaired capacity for any form of labor. Plaintiff was at the time less than 25 years old, a press feeder by occupation, earning about $14 a week.

We have little trouble in deciding that this verdict should not be disturbed. The rules applicable to such cases are so well-settled that a statement of them should be unnecessary, and yet they seem sometimes to be overlooked. To warrant the court in overruling the verdict of a jury on the ground of excessive damages, the damages must be not merely more than the court would have awarded, but they must so greatly exceed what would be adequate in the judgment of the court, that they cannot reasonably be accounted for, except upon the theory that they were awarded, not in a judicial frame of mind, but under the influence of passion or of prejudice. The damages must be so large that, after making just allowance for difference of opinion among fair minded men, they cannot be accounted for except upon the theory that in the particular case the proper fair mindedness was wanting. Pratt v. Pioneer Press Co. 32 Minn. 217, 18 N. W. 836, 20 N. W. 87; Nelson v. Village of West Duluth, 55 Minn. 497, 57 N. W. 149; Halness v. Anderson, 110 Minn. 204, 124 N. W. 830.

This court and the trial court are not in the same situation, and they are not governed by the same rules. The question whether a motion for a new trial on the ground of excessive damages should be granted, or whether the verdict should be reduced, rests in the practical judgment and sound discretion of the trial court. In re-

viewing the order of the trial court disposing of such a motion, this court will be guided by the general rules applicable to discretionary orders, and the order will not be reversed unless such discretion. has been abused. It is the duty of the trial court to keep the jury within the bounds of reason, and the duty of this court to keep the trial court within the bounds of judicial discretion. Pratt v. Pioneer Press Co. 32 Minn. 217, 18 N. W. 836, 20 N. W. 87; Slette v. Great Northern Ry. Co. 53 Minn. 341, 55 N. W. 137; Mohr v. Williams, 95 Minn. 261, 104 N. W. 12, 1 L.R.A.(N.S.) 439, 111 Am. St. 465, 5 Ann. Cas. 303.

This case well illustrates the wisdom of these rules. This court can see from an examination of the paper record that plaintiff's injuries are severe, but as to the extent of them the trial court is in much the better position to judge. The trial court in its discretion approved the verdict, and we find no abuse of discretion.

Order affirmed.