## JAMES E. GRAY v. TIMES NEWSPAPER COMPANY.

December 5, 1898.

Nos. 11,428—(183).

### Libel—Retraction by Newspaper—Burden of Proof.

In an action for a newspaper libel, where the defense is that the article was published in good faith, and that the defendant published a full and fair retraction, as provided by the newspaper-libel-retraction statute (G. S. 1894, § 5417), the burden is upon the defendant to establish such defense.

### Same—Questions of Fact—Questions of Law.

In such cases the question of good faith, and whether the falsity of the article was due to a mistake of the facts, is always one of fact for the jury, unless the evidence to establish the defense is undisputed, and there is no reasonable ground for drawing different conclusions therefrom. The question whether the retraction published was full and fair is ordinarily a question of law for the court.

### Same—Character of the Retraction.

The statute does not require the retraction to be in any particular form. It must, however, clearly refer to and admit the publication of the article complained of, and directly, fully and fairly, without any uncertainty, evasion or subterfuge, retract (that is, recall) the alleged false and defamatory statements therein.

### Same—Publication Libelous per se.

Held, that the publication in this case was not privileged, and was libelous per se, that the question of the defendant's good faith in the premises was one of fact, and that the question whether its attempted retraction was full and fair was one of law, and that it was not so.

### Same—Error to Direct Verdict for Defendant.

Held, further, that the trial court erred in directing a verdict for the defendant.

From an order of the district court for Hennepin county, Lancaster, J, denying a motion for a new trial after directing a verdict for defendant, plaintiff appealed. Reversed.

*H. V. Mercer,* for appellant.

If the article is not libelous, G. S. 1894, § 5417, is not required for a defense. If the article is libelous, the statute prevents recovery of damages and thereby conflicts with the constitution. In brief, if the article causes no general damage, the statute is of no effect, for there is no cause of action. If the article causes damage, it prevents the remedy secured by the constitution. If the statute amounts to nothing, there can be no harm in declaring it void. If the statute amounts to anything, it conflicts with the fundamental law and is void.

G. S. 1894, § 5417, conflicts with the "equality clause" in our constitution, by depriving a man of a right of action which is secured to a woman under the same circumstances. Const. art. 1, § 2; Minor v. Happersett, 21 Wall. 162; U. S. v. Cruikshank, 92 U. S. 542; Missouri v. Lewis, 101 U. S. 22, 30; Missouri Pac. Ry. Co. v. Mackey, 127 U. S. 205.

The trial court may direct a verdict, when the evidence will not support a finding in favor of the opposite party, but in no other case. Thompson v. Pioneer Press Co., 37 Minn. 285; Bennett v. Syndicate Ins. Co., 39 Minn. 254; Emery v. Minneapolis Ind. Ex., 56 Minn. 460; Giermann v. St. Paul, M. & M. Ry. Co., 42 Minn. 5. "Good faith" under G. S. 1894, § 5417, is a question of fact for the jury. Allen v. Pioneer Press Co., 40 Minn. 117. Where the publication is obviously defamatory, it is the duty of the trial judge in a civil action to direct the jury, as a matter of law, that it is a libel per se, and that they must find for plaintiff. Smith v. Stewart, 41 Minn. 7. See, also, Sharpe v. Larson, 67 Minn. 428. Where an article is libelous per se and false, the question of malice is for the jury, even though the defendant give evidence of want of malice; and the jury should also determine whether they should give punitive damages. Bergmann v. Jones, 94 N. Y. 51; Post Pub. Co. v. Hallam, 8 C. C. A. 201; Smith v. Sun P. & P. Assn., 5 C. C. A. 91; Stout v. Watson, 45 Minn. 454; Hale v. Life Ind. & Inv. Co., 61 Minn. 516. A newspaper has no more right to gather defamation from the street, or even from policemen or magistrates out of court, and publish it, than has a person to whisper gossip and scandal from ear to ear upon the street. If false, the pub-

lisher has no privilege and must be responsible to the injured party. McAllister v. Detroit, 76 Mich. 338.

A retraction must be as full and complete in every point as the matter which it is denying; no point must be left in doubt. Thompson v. Pioneer Press Co., supra; Pratt v. Pioneer Press Co., 30 Minn. 41; Fenstermaker v. Tribune, 12 Utah, 439; Townshend, S. & L., §§ 311, 681.

In the publication of news, a newspaper is not privileged and has not different rights from those of other people. Rumor is no defense or justification. Pratt v. Pioneer Press Co., supra; Fenstermaker v. Tribune, supra; Townshend, S. & L., § 311; Odger, L. & S., 305; Dressel v. Shipman, 57 Minn. 23.

*A. B. Jackson*, for respondent.

The discrimination between men and women is analogous to distinctions made by the common law, and by statute, in regard to the rights and remedies of persons in different situations. It is based on a natural and reasonable classification, and the statute is uniform in its operations as to all members of a class. Slanders and libels upon women, especially such as involve an imputation of unchastity, inflict special injury of a kind to which men are not subject. Imputation of unchastity in a woman is now actionable by statute in all states except one, and under the criminal law of nearly all the states constitutes a special offense, subject to special penalties. Newell, S. & L. 152; Hatch, St. & Const. Libel & S.; Enquirer Co. v. Johnston, 72 Fed. 443.

The publication of the alleged libel in the case at bar, relating to a matter of public interest and having been made in good faith, was fairly privileged, and falls within the rule declared in Marks v. Baker, 28 Minn. 162. In this case no more than nominal damages could be recovered in any event, and therefore the action of the trial court should not be reversed. Singer Mnfg. Co. v. Potts, 59 Minn. 240; Knowles v. Steele, 59 Minn. 452; Jensen v. Chicago G. W. Ry. Co., 64 Minn. 511.

START, C. J.

The defendant is the proprietor and publisher of the Minneapolis

Times, a daily newspaper hereinafter designated as the "Times," and this is an action for publishing therein a libel of the plaintiff.

The record discloses substantially these facts: The plaintiff, James E. Gray, a young man of good reputation, about 10 o'clock on the evening of August 10, 1897, was riding his bicycle along the boulevard near Lake Calhoun, in the city of Minneapolis, when he was stopped by two men waiting by the roadside, holding wheels, who shot him through the arm, knocked him senseless, robbed him of his money and left him lying unconscious across his wheel, where he was afterwards found and cared for. The defendant next morning published in the Times an account of the robbery, which was substantially correct. But on August 19 it published in the Times another article, which so far as it related to the plaintiff, was this:

## "FAKING THE HOLD-UPS

### "POLICE HAVE ENOUGH TO DO WITHOUT THIS ANNOYANCE.

#### "Two or Three Cases Where Robberies Were Complained of, and Never Occurred.

"Fake hold-ups seem to be the regular order of the day now. The police are considerably disgusted, for, fake or no fake, they receive the usual amount of roasting from the public, who argue that the policemen and detectives are not doing their full duty.

"Within the past few days the first fake case of note was that of a young man named Gray, who claimed to have been held up by two men on bicycles while he was riding his wheel on Lake Calhoun boulevard, shot in the arm, sandbagged and robbed of about $5. Gray's case bore evidence of sincerity, yet upon looking it up the police believe that no hold-up took place; their real theory being that Gray was shot in a row over a woman with whom he was bicycle-riding. Detective Hoy has a witness who claims to have seen the whole affair. * * *

"If the department can find a way to do it, it is not improbable that some people who claim they are held up on the street and robbed, when a robbery or attempted robbery never occurred at all, may be made an example of, as a warning to others."

The plaintiff served notice upon the defendant, specifying the statements therein which he claimed to be false and defamatory. The defendant in the next issue of its paper published an article of the purport following:

# "CRY 'FAKE' TOO QUICK

### "POLICE DISCREDIT STORIES WHICH THEY CANNOT FATHOM.

#### "A Glaring Illustration Furnished by the Case of James E. Gray.

"Considerable criticism has grown out of the apparent freeness with which the police cast discredit upon every unusual hold-up or robbery, and at once assume that anything which they cannot trace is a fake, because they cannot fathom it. Unless every detail is as plain to them as the nose upon each individual face, and the clearest motive is attributable to a robbery or hold-up, there is always at hand a cry of 'fake' to be hurled at the complainant.

"One case of this kind is the case of James E. Gray, the young man who on the night of Tuesday, Aug. 10, was held up by two men, sandbagged, shot in the arm and robbed of some $5 or $6, while bicycle-riding on Calhoun boulevard.

"Mr. Gray is a young man, well connected and respectable. He formerly resided in Fergus Falls, and during his residence in Minneapolis has roomed at the Y. M. C. A. Building. Mr. Gray's story of the robbery and assault, as it occurred, was published the morning after the robbery, and was soon followed by the usual innuendo, because it was the first bicycle robbery which the police had had to deal with, and was a novelty, and not understood. * * *

"A report was circulated among the police that there was a woman in the case, and as Mr. Gray has many friends, not only in Minneapolis, but all over the state, the report embarrassed him considerably, inasmuch as it was without foundation. The case was one of highway robbery and assault, pure and simple."

The article also contained a correct account of the assaulting and robbing of the plaintiff. No other retraction was published by the defendant. Thereupon this action was brought.

The defense was substantially that the defendant published the alleged libel in good faith, and that it published a full and fair retraction thereof, in accordance with the statute.

On the trial, evidence was introduced by both parties on the issue of the good faith of the publication, and the defendant gave in evidence the article published after the service of the plaintiff's notice.

At the close of the evidence the trial court directed the jury to return a verdict for the defendant, which was done, and the

plaintiff appealed from an order denying his motion for a new trial.

The trial court, in granting the defendant's motion to direct a verdict for it, and in denying the plaintiff's motion for a new trial, necessarily held, as a matter of law, that the defendant published the article complained of in good faith, and that it published a full and fair retraction thereof. This ruling is assigned as error.

The newspaper-libel-retraction statute (G. S. 1894, §§ 5417, 5418) provides that before any action shall be brought for a newspaper libel the aggrieved party shall serve a notice upon the publisher, specifying the statement therein claimed to be false and defamatory.

"If it shall appear, on the trial of said action, that the said article was published in good faith, that its falsity was due to mistake or misapprehension of the facts and that a full and fair retraction of any statement therein alleged to be erroneous was published in the next regular issue of such newspaper, or in case of daily papers within three days after such mistake or misapprehension was brought to the knowledge of such publisher or publishers, in as conspicuous a place and type in such newspaper as was the article complained of as libelous, then the plaintiff in such case shall recover only actual damages.   *   *   *   Provided, that nothing in the provisions of this act shall be held to apply to any libel published of or concerning any female."

Section 5418 defines the term "actual damages" as used in the statute.

Good faith on the part of the publisher, and the publication of a full and fair retraction, are made a defense by this statute, as against all damages except actual damages as defined therein. The burden is upon the publisher to establish such defense.

The question of good faith, and whether the falsity of the article was due to mistake of the facts, is always one of fact for the jury, unless the evidence to establish the defense is undisputed, and there is no reasonable ground for drawing different conclusions therefrom.

What constitutes "good faith," as the term is used in this statute, was defined in the case of Allen v. Pioneer Press Co., 40 Minn. 117, 41 N. W. 936, to the effect that mere belief on the part of the publisher in the truth of the publication is not alone sufficient,

but it must have been honestly made in the belief of its truth, and upon reasonable grounds for the belief, after the exercise of such means to verify its truth as would be taken by a man of ordinary prudence under like circumstances. The evidence in this case was not so conclusive of the defendant's good faith, as so defined, as to justify the trial court in treating it as a question of law, and directing a verdict. The question should have been submitted to the jury as a question of fact.

On the other hand, the question whether the retraction in a given case is a full and fair one, within the meaning of the statute, is ordinarily a question of law for the court, because it involves the comparison and construction of two written instruments. In this particular case the question whether the alleged retraction was a compliance with the statute was clearly a question of law, for a comparison and construction of the two articles did not in any way depend on extrinsic evidence, disputed or otherwise.

The statute does not require the retraction to be in any particular form. It must, however, clearly refer to and admit the publication of the article complained of, and directly, fully and fairly, without any uncertainty, evasion or subterfuge, retract (that is, recall) the alleged false and defamatory statements therein.

It is necessary that the retraction should refer to the original publication in order to be fair, because the purpose of the statute in requiring a publication of the retraction in the next issue of the newspaper after service of the notice, and in as conspicuous a place and type as was the article complained of, is to eradicate so far as possible from the minds of the persons who read the libel the false and unfavorable impressions of the plaintiff engendered thereby. To accomplish this result the retraction must be identified with and follow the libel as quickly as practicable, so that the truth may overtake the libel. How would it be possible to recall the libel without referring to and admitting its publication in the newspaper in which the retraction was published?

The publication complained of in this case was not privileged, and was libelous per se; for it, in effect, charged the plaintiff with fabricating the story of his assault and robbery for the purpose of

accounting for his wounds received in a row over a woman. A simple comparison of this article with the so-called retraction is all that is necessary to demonstrate that as a matter of law the latter is not a full and fair recall or retraction of the libel, within the rule stated. It does not refer to the original article, or admit or even suggest that the defendant ever published it, or that it desires to or does retract it, or that the defendant ever had any part in giving publication to the defamatory statements.

In effect, the supposed retraction was a criticism of the police department, and an attempt to place upon it the responsibility for the rumor or innuendo to the effect that the plaintiff had fabricated the claim that he had been assaulted and robbed in order to conceal his connection with a disreputable transaction. It fully and generously vindicated the plaintiff against the innuendo of the police force, but as to the defendant's own connection with and responsibility for the publication of the libel it was silent. The publication of the attempted retraction was not a compliance with the statute, and did not constitute a defense to this action.

What was done in the premises was admissible in evidence, if at all, only in mitigation of damages. The so-called retraction was not a bar to the recovery in this action by the plaintiff of such compensatory damages, if any, as the jury might justly and fairly find from all of the evidence that he had sustained by reason of injury to his reputation by the publication complained of. It was therefore reversible error for the trial court to hold that the attempted retraction was a complete defense to this action, and to direct a verdict accordingly.

The defendant claims that in any event the evidence showed that the plaintiff was entitled to recover only nominal damages; hence the order denying a new trial should not be reversed. Whether he was entitled to any more than nominal damages was a question for the jury.

The plaintiff has exhaustively discussed the constitutionality of the statute. It is unnecessary in this case to reconsider this important question, for, the defendant having failed to show a compliance with the statute as to the publication of a retraction, the

case stands in this respect precisely as if the statute had never been enacted.

Order reversed, and a new trial granted.