JAMES E. GRAY v. TIMES NEWSPAPER COMPANY.

December 14, 1899.

Nos. 11,788—(135).

### Libel—Verdict Excessive.

In an action for libel, *held*, on the evidence, the trial court was warranted, in its discretion, in setting the verdict aside as excessive, and granting a new trial.

Action in the district court for Hennepin county to recover $15,-000 damages for libel. The case was tried before Brooks, J., and a jury, which rendered a verdict in favor of plaintiff for $1,800; and from an order granting a motion for a new trial, plaintiff appealed. Affirmed.

*H. V. Mercer*, for appellant.

*A. B. Jackson*, for respondent.

CANTY, J.

This is an action for libel. For the three publications: First, plaintiff's version of the "hold up"; second, the libel; and, third, the attempted retraction—see the opinion on the former appeal. 74 Minn. 452, 77 N. W. 204. After the case was remanded on the former appeal, it was again tried, and the jury returned a verdict for plaintiff for the sum of $1,800. The trial court granted a new trial on the ground that the verdict is excessive, and plaintiff appeals from the order granting the motion.

In our opinion, the verdict is clearly and manifestly excessive, and the order appealed from should be affirmed. Plaintiff was a university student, who at the time of the publication of the libel had resided in Minneapolis about a month or six weeks. The publication did not materially injure him in his business or profession, because he had no business or profession in which it could or would do so. He was entitled to some damages for injury to his feelings, shame, and loss of the good opinion of his fellows, and injury to his standing in the community; but clearly $1,800 is excessive, as compensation for those injuries.

But it is not necessary to consider whether the amount awarded is so excessive that the trial court was bound to cut it down or grant a new trial. To say the least, the court did not abuse its discretion in granting a new trial on the ground that the verdict is excessive. The defendant attempted promptly to retract the libel, and did not plead or attempt to prove the truth of the same. The court was amply warranted in holding that the defendant was not actuated by express or actual malice. Plaintiff took a loaded revolver with him, and went on his bicycle out on a lonesome road in the evening, where he had no business in particular. He met with

a rather unusual adventure, and his story, on its face, did not appear altogether probable. Of course, the newspaper reporter was not justified in acting on his mere suspicions; but the fact that plaintiff's story was somewhat suspicious and improbable tends to mitigate the offense of publishing the libel, at least to the extent of warranting the trial judge in holding, in his discretion, that he would not permit a verdict to stand for any considerable amount of punitive damages.

Order affirmed.