JAMES E. GRAY v. MINNESOTA TRIBUNE COMPANY.[1]

November 13, 1900.

Nos. 12,427—(75).

**Libel—Retraction—G. S. 1894, § 5417.**
    In an action for libel, the trial court correctly ruled and charged the jury that a certain retractive article published in response to plaintiff's demand, and in attempted compliance with the provisions of G. S. 1894, § 5417, did not comply with the statute, and could not be considered as a statutory retraction of the alleged defamation, *Held*, because of this ruling and charge, that certain questions argued by counsel pertaining to the constitutionality of the so-called "retraction law" are not involved in this appeal.

**Evidence—Affidavit.**
    *Held*, further, on the authority of Burns v. Maltby, 43 Minn. 161, and cases cited, that the trial court erred when overruling objections made by defendant's counsel to the reception in evidence of a certain affidavit verified by such counsel.

**New Trial—Discretion of Court.**
    It has almost universally been held that it is discretionary with the trial court to grant a new trial on the ground that on the evidence substantial justice has not been done, and an appellate court will interfere only in case of an abuse of discretion.

Action in the district court for Hennepin county to recover $16,-000 for libel. The case was tried before Harrison, J., and a jury, which rendered a verdict in favor of plaintiff. From an order granting a motion for a new trial, plaintiff appealed. Affirmed.

*H. V. Mercer*, for appellant.

*Rome G. Brown* and *Charles S. Albert*, for respondent.

COLLINS, J.

Action for libel, defendant corporation being the proprietor and publisher of a daily newspaper named the "Minneapolis Tribune," in which paper the libel made its appearance.

The article was based upon an affair which was written up and

[1] Reported in 84 N. W. 113.

published about the same time in another paper, and out of which grew another action for libel. Gray v. Times N. Co., 74 Minn. 452, 77 N. W. 204. After the publication in the Tribune, plaintiff caused notice to retract (G. S. 1894, § 5417) to be served upon defendant, and in the next issue there appeared what was probably intended to be a fair and full retraction of the libel. Plaintiff soon after instituted this action for damages. The defenses set forth in the answer, as finally amended, were: (1) The publication of a complete and fair retraction; (2) good faith and entire lack of malice; (3) the fact that the article was published simply as a matter of news, giving the result of investigations of a public nature, and reporting the result of investigations as given out by the public officials; (4) mitigating circumstances; (5) that the retraction published was prepared and published under the direction of the plaintiff, approved by him and his attorney, in accordance with an agreement that the same, when published, should be not only a full and fair retraction under the statute, but complete satisfaction and accord of any claims which the plaintiff should have.

A trial was had, and the jury rendered a verdict of $1,000 against the defendant. The latter then moved for a new trial, on the grounds of error at the trial, insufficient evidence to support the verdict, and that the damages were excessive. This motion was granted, and from the order the plaintiff appealed.

Counsel for plaintiff alleges that the so-called "retraction statute" is unconstitutional and void upon several grounds, some of which were fully considered in Allen v. Pioneer-Press Co., 40 Minn. 117, 41 N. W. 936, and some of which are new. Among the latter is his contention that the clause afterwards incorporated into the statute as it was when the Allen case was under discussion, by a subsequent and somewhat singularly worded amendment (Laws 1889, c. 131), which exempts females from the operation of the law, is class legislation, and renders the entire section obnoxious to the constitution. He also urges, for a number of other specified reasons, that the order of the court below setting aside the verdict and granting a new trial was erroneous, and should be reversed. Although the paper book is large, and the briefs formidable in appear-

ance, this appeal can be disposed of without a lengthy opinion; an affirmance of the order appealed from being inevitable.

1. The constitutionality of the retraction law, either as originally enacted or as amended in 1889, is not involved in a disposition of the case, nor is it a proper question for consideration on this record. The court below very properly held that the article published in response to the notice served by plaintiff upon defendant did not comply with the law, and therefore that no statutory retraction had ever been made, and so charged the jury. This charge was correct, on the authority of the Times Company case, supra.

While the article was more complete and satisfactory, much nearer a compliance with the statute, than was that published as retractive by the Times Company, it did not refer to the original defamatory article as published, it did not admit such publication in the Tribune at all, and it wholly failed to retract or disavow the statements made in the original assault upon plaintiff's good name and character, of which he complained. It failed to meet the statutory requirements, and was of no avail as a defense, irrespective of any constitutional objections to the law. It follows that the situation was precisely as if no effort had been made to retract, or as if no attempt had been made at the trial to show a retraction. Under such circumstances, no constitutional objections to section 5417 could be urged, and with the ruling and charge before referred to we have the same conditions.

2. Among the errors of law urged by defendant's counsel, and evidently considered by the court when granting the motion for a new trial, was that presented by the admission in evidence, over counsel's objection, of an affidavit made in support of the motion to amend the answer. It was verified by defendant's attorney, and in no manner were any of defendant's officers connected with it, or shown to have any knowledge of its contents. There was no proof, and certainly there was no presumption, that its averments were authorized by either of defendant's officers. It could not be treated as an admission by defendant of anything therein contained. The court below was right when it hesitated about receiving the instrument in evidence, and when it suggested to plaintiff's counsel that he was assuming a great risk in urging its reception. Burns v.

Maltby, 43 Minn. 161, 45 N. W. 3, and citations.   We are also of the opinion that its admission was prejudicial to defendant.

3. The court below seems to have been of the opinion that the verdict was not sustained by the evidence, in that the testimony was conclusive upon defendant's contention that the retraction attempted was assented to by plaintiff, and that by his words and deed he led the defendant to believe that the article relied upon by it would be a statutory and legal retraction if published, and also to have been of the opinion that the damages as assessed by the jury were excessive in amount, and that for either reason a new trial should be had.   We need not discuss these points at any great length.

Under the circumstances, the order appealed from is governed by the well-established rule long ago laid down by this court, and which counsel asserts is not applicable to actions in tort; citing Nelson v. Village of West Duluth, 55 Minn. 497, 57 N. W. 149.   This case, although followed in Meeks v. City of St. Paul, 64 Minn. 220, 66 N. W. 966, was practically overruled in State v. Shevlin-Carpenter Co., 66 Minn. 217, 68 N. W. 973, in which, referring specially to the Nelson case, the court stated that it has almost universally been held that it is discretionary with the trial court to grant a new trial, on the ground that on the evidence substantial justice has not been done, and an appellate court will interfere only in case of an abuse of discretion.   There was no abuse of discretion, in the case at bar, when the court below, for the reasons stated in this subdivision of the opinion, granted defendant's motion for a new trial.   And, finally, with reference to the amount of the verdict and the opinion of the trial court that it was excessive, we call attention to the views expressed upon the subject when the Times N. Co. case was here the second time.   78 Minn. 323, 81 N. W. 7.

Order affirmed.