## GOOLSBY v. FORUM PRINTING CO.

### (135 N. W. 661.)

**Libel — damages — effect of retraction — sufficiency.**

  1. Defendant published a libel of and concerning plaintiff, and in an action to recover resulting damages, defendant, among other defenses, relied upon an alleged retraction published pursuant to § 8889, Rev. Codes 1905. The libelous article was published in good faith, without malice, and at plaintiff's request the jury was restricted to actual damages resulting to plaintiff's reputation by the publication complained of.

  *Held,* that defendant is not entitled to rely on § 8889, for the reason that its alleged retraction was not a full and fair retraction of the libelous article.

**Appeal — instructions — admission of testimony — misconduct of counsel.**

  2. Certain assignments of error based on alleged erroneous instructions to the jury and on alleged errors in the admission of testimony and also on alleged misconduct of counsel in argument, examined and held without substantial merit.

Opinion filed March 22, 1912.

Appeal by defendant from a judgment of the District Court for Richland County, *Frank P. Allen,* J., and from an order denying a new trial in an action to recover damages for an alleged liability.

Affirmed.

*Engerud, Holt, & Frame,* for appellant.

The retraction was full and fair, and, independently of the statute, entitled to consideration in mitigation of damages. White v. Sun Pub. Co. 164 Ind. 426, 73 N. E. 890; Taylor v. Hearst, 107 Cal. 262, 40 Pac. 392.

*Wolfe & Schneller,* for respondent.

The retraction published was not full and fair. Palmer v. Mahin, 57 C. C. A. 41, 120 Fed. 737; Gray v. Minnesota Tribune Co. 81 Minn. 333, 84 N. W. 113; Hotchkiss v. Oliphant, 2 Hill, 510.

PER CURIAM. Action to recover damages for libel, the complaint alleging that defendant libeled plaintiff by publishing a defamatory article concerning him in its newspaper. The answer admits that it published the article as alleged and that the same was false, but alleges that it made a full and fair retraction within three days after its falsity was discovered and that there was no malice in its publication. A verdict was directed for plaintiff, leaving the assessment of damages to the jury, which damages were assessed at $500. Judgment was entered on the verdict and from such judgment and from an order denying defendant's motion for a new trial, defendant appeals.

Appellant urges several grounds for reversal, which will be briefly noticed.

It is first insisted that the court erred in granting plaintiff's motion for a directed verdict. At the request or suggestion of plaintiff's counsel the court eliminated from the consideration all damages except compensatory damages for alleged injury to the reputation of the plaintiff by the publication complained of. It is appellant's contention that no damages were recoverable because of the retraction. On the contrary respondent contends, among other things, that the alleged retraction was not a full and fair retraction, such as the statute, § 8889, Rev. Codes 1905, required. Said statute is as follows:

"Before any suit for libel can be brought against a newspaper, other than a libel of or concerning a female, the party aggrieved must, at

least three days before filing his complaint, serve notice on the publisher of such newspaper at the principal office of its publication, specifying the statement alleged to be false and defamatory, and then if on the trial it appears that the article was published in good faith, and its falsity was due to a misapprehension in regard to the facts, and a full and fair retraction of the erroneous statement was published in the next issue of the paper, or in the case of a daily paper within three days after the mistake was brought to the attention of the publisher, in as conspicuous a place and type as the original article, the plaintiff will be entitled to recover only such damage as he can show he has sustained to his property, business, trade, profession, or occupation. But if the libel is against a candidate for office, the retraction must also be made editorially, and, in the case of a daily paper, at least three days, and in the case of a weekly paper, at least ten days, before the election."

The libelous article as published was as follows:

"Blind Pigger's Frightful Crime. Ran Amuck at Geneseo and Killed One Man.

"Milnor, N. D., July 11. Martin Polaski, a blacksmith, who lived at Geneseo, was killed by George Goolsby, a ruffian who was running a blind pig at the Fourth of July celebration at Hamlin.

"Goolsby ran amuck, injuring several persons and fairly trampling the life out of Polaski. The injured man was removed to his home, and died yesterday from concussion of the brain. He leaves a wife and large family almost penniless, as he had only been in the United States two months.

"Goolsby is in jail at Forman, the county seat. Mob violence is threatened."

The alleged retraction was as follows:
"There was no Hamlin Crime.

"Sensational story from Milnor about an alleged killing at Hamlin was unfounded—Goolsby's hands not red with gore. In the Forum July 11, there was an article under a Milnor date line, to the effect that Martin Polaski, a blacksmith, had been killed at a Fourth of July celebration at Hamlin, Sargent county, by George Goolsby. It was further claimed that Goolsby was running a blind pig at Hamlin that day.

"It is now asserted that there was no murder, that Polaski is not dead, nor did he leave a wife and children penniless, that Goolsby was not a ruffian, did not run a blind pig, and never was in jail at Forman.

"The only foundation for the story appears to be that Goolsby did have a fight with a man at Hamlin, was arrested at his home in Lidgerwood, taken to Forman for trial, and fined $20. The Lidgerwood Broadaxe, has the following:

" 'Goolsby attacked and beat up a man at the Fourth of July celebration at Hamlin. Last Friday Sheriff Jackman arrested Goolsby here; on Saturday he was tried at Forman and fined $20 for assault. The man he beat up is reported to be able to be at work again in his shop. There must be a yellow journalist in the woods around Milnor.'

"The sensational story put Mr. Goolsby in the limelight in a manner that he does not desire, and the Forum regrets that it, in any way, assisted in giving wider publicity to the unfounded rumor."

We fully agree with respondent's counsel that the so-called retraction fell far short of a compliance with the statute above quoted. Such retraction was made after plaintiff, through his counsel, wrote defendant, calling attention to the libel as published and asserting its falsity and that there was no foundation for any single fact stated in it, and demanding an immediate retraction as provided by law, which letter, among other things, stated: "The article is absolutely false in every particular. It is libelous on the very face of it. There is no foundation in truth for any single fact stated in it. . . . Mr. Goolsby is not a "blind pigger." He did not run amuck. No one was killed. Polaski was alive and well yesterday. Goolsby is not a ruffian. He did not run a blind pig at the Fourth of July celebration at Hamlin. He never was in jail at Forman. No mob violence was threatened him."

Under the facts it is entirely clear that such retraction was wholly insufficient under the statute. Palmer v. Mahin, 57 C. C. A. 41, 120 Fed. 737; Gray v. Minnesota Tribune Co. 81 Minn. 333, 84 N. W. 113; Hotchkiss v. Oliphant, 2 Hill, 510. It was not error, therefore, to direct the verdict.

We have examined the instructions complained of and find no error therein. The charge as a whole stated the law correctly. Certain other

assignments of error are predicated upon the alleged improper admission of certain evidence and upon alleged improper remarks made in argument by plaintiff's counsel. We have considered these assignments and deem them devoid of merit. The record discloses no prejudicial error, and the judgment and order appealed from are accordingly affirmed.