CAREY EMERSON and Another v. PACIFIC COAST & NORWAY PACKING COMPANY.[1]

July 15, 1904.

Nos. 13,859—(141).

**Loss of Profits.**

Action to recover damages on account of loss of profits sustained by the plaintiffs by the breach of an alleged contract whereby the plaintiffs, as brokers, were to sell the defendant's catch and pack of fish for two years. *Held*, construing the contract, that the plaintiffs were by the terms thereof entitled to commissions on all fish sold out of the catch of the defendant, except on an amount not exceeding fifteen per cent. thereof.

**Same—Breach of Contract.**

The damages in this case were not a matter of discretion with the jury, and the plaintiffs were entitled to recover for such loss of profits only as were shown by the evidence to have proximately resulted from a breach of the contract, excluding from the award of damages all uncertain and conjectural profits.

**Damages.**

The award of damages herein was not sustained by the evidence, and the trial court rightly granted a new trial.

Action in the district court for Hennepin county to recover from defendant $6,849.33 for breach of contract. The case was tried before Simpson, J., and a jury, which rendered a verdict in favor of plaintiff for $5,000. From an order granting a motion for a new trial, plaintiffs appealed. Affirmed.

*Welch, Hayne & Hubachek,* for appellants.

*Gjertsen, Rand & Lund* and *John Lind & A. Ueland,* for respondent.

START, C. J.

This is an action to recover damages for the breach of an alleged contract between the parties hereto, whereby the defendant, a corpora-

[1] Reported in 100 N. W. 365.

tion engaged in catching, preparing for market, and selling fish of various kinds, employed the plaintiffs, partners in the wholesale brokerage business of selling fish and other goods on commission, as its sole agents for two years from September 27, 1900, to sell its entire catch and pack of fish, and agreed to pay them five per cent. commission on the price, to be agreed on by the parties, for which such fish might be sold. The contract, however, provided that the Kildall Fish Company should have the right to buy such fish as they might need in their retail trade, not to exceed fifteen per cent. of the total shipment, nor of the total pack of all kinds of fish made by the defendant, and that on the amount sold to such company no commissions should be paid. The contract was in writing, and purported on its face to have been executed on behalf of the defendant by its president and secretary. The corporate seal of the defendant was affixed to the contract. The breach of the contract alleged in the complaint is in effect that the defendant, April 1, 1902, repudiated the contract, and refused to permit the plaintiffs to perform the contract on their part, and refused to allow them to sell any more of its fish, whereby the plaintiffs sustained damages in loss of profits to an amount exceeding $5,000. The complaint also alleged that there was due to the plaintiffs some $800 as commissions on fish sold prior to the alleged breach of the contract.

The answer alleged that the contract was entered into by the defendant's president and secretary without authority of its board of directors, and that it notified the plaintiffs of such fact and of its repudiation of the alleged contract, and, further, that the plaintiffs, as brokers, rendered services for the defendant, but not under or by virtue of the alleged special contract, and that it paid them for such services, except the sum of $28.96, payment of which it duly tendered. The jury returned a verdict in favor of the plaintiffs for the sum of $5,000. The trial court granted defendant's motion for a new trial, and the plaintiffs appealed from the order granting it.

The trial court, as appears from its order, set aside the verdict and granted a new trial upon the express grounds that the damages were excessive and that the verdict was not justified by the evidence.

1. It is the contention of the plaintiffs that the evidence is so manifestly and palpably in favor of the verdict that it was reversible error for the trial court to grant a new trial. The verdict, so far as it in-

volves the assessment of damages, is not manifestly and palpably supported by the weight of evidence. On the contrary, the damages awarded are so largely in excess of the amount which the evidence fairly sustains as to justify the conclusion of the trial court that they were given under the influence of passion and prejudice. It is, however, not necessary to rest our conclusion that the order granting a new trial must be affirmed upon the sole ground that the damages are so excessive as to indicate that they were given under the influence of passion or prejudice. This is not an action in which the damages are within the fair discretion of the jury, but one in which the damages of the plaintiffs, if they are entitled to recover, are limited to the amount which the evidence shows they have actually sustained. Such being the case, it was entirely competent for the trial court to grant a new trial, on the ground that the verdict was not sustained by the evidence. State v. Shevlin-Carpenter Co., 66 Minn. 217, 68 N. W. 973. The verdict was not so manifestly and palpably supported by the weight of the evidence as to the award of damages or as to the merits of the action as to make the granting of a new trial an abuse of discretion on the part of the trial court. On the contrary, the record shows that the court fairly exercised its discretion in the premises. As there must be a new trial, we do not discuss the evidence.

2. It is proper, with reference to such trial, to consider briefly three of a number of questions raised and argued by the defendant. The first one relates to the interpretation of the following provision of the contract:

> It is hereby agreed that also the Kildall Fish Company shall have the privilege of buying such fish as they may need for sale to the retail trade in the usual course of their business, and that on all fish so sold to them, which shall not exceed, however, 15 per cent. of each shipment made by the party of the first part hereto, nor 15 per cent. of the total pack of all kinds of fish made by said party of the first part hereto, no brokerage shall be paid by said party of the first part to said party of the second part.

The trial court construed the contract as givng the plaintiffs the exclusive right to sell, so that the defendant could not sell its product,

except an amount not exceeding fifteen per cent. thereof to the Kildall Fish Company, and in effect instructed the jury that by the terms of the contract the plaintiffs were entitled to commissions on all fish sold out of the pack of the defendant, except the limited amount which might be sold to the Kildall Company. This was excepted to by the defendant. The contract is not clearly expressed; but it is difficult to give a meaning to all of its provisions, except by construing it as entitling the plaintiffs to a commission on the entire amount of fish sold, except the limited amount authorized to be sold to the Kildall Company. This is fairly implied from the exception. We are of the opinion that the court correctly construed the contract.

The second question relates to damages on account of fish caught and packed after the contract was repudiated. The defendant claims that such damages were too remote and speculative, and that it was error for the court to submit the question of loss of profits to the jury. All we deem it necessary to say in this connection is that the damages in this case were not a matter of discretion with the jury and that the plaintiffs were entitled only to such damages as the evidence showed they were fairly entitled to; and, further, that they were entitled to recover for such loss of profits only as were shown by the evidence to have proximately resulted from a breach of the contract, excluding uncertain and conjectural profits from the award of damages.

The last question relates to the alleged ratification of the contract. The contract was under the corporate seal of the defendant, and it was therefore prima facie its contract. Yanish v. Pioneer Fuel Co., 64 Minn. 175, 66 N. W. 198. But it seems to have been conceded on the trial that the contract was not in fact originally authorized by a majority of the defendant's board of directors, and the court submitted the question of its ratification to the jury. The defendant claims that the charge of the court on this question was erroneous. It must be conceded that the charge contained statements which, if considered without reference to all that was said on the question of ratification, were erroneous, for the reason that the jury might infer therefrom that the individual and separate knowledge and action of the directors would be the knowledge and act of the corporation. But the charge, considered as a whole, was substantially correct.

Order affirmed.