ANNA MOHR v. CORNELIUS WILLIAMS.[1]

July 13, 1906.

Nos. 14,807—(184).

**Judgment Notwithstanding Verdict.**

> The evidence does not conclusively show that respondent, an ear spe-cialist, had authority, express or implied, to operate upon the left ear of his patient, and that no damage resulted. It was error to order judgment for respondent notwithstanding the verdict.

Action in the district court for Ramsey county to recover $20,000· for assault, consisting of an alleged unauthorized surgical operation upon plaintiff's left ear. The case was tried before Kelly, J., and a jury, which rendered a verdict in favor of plaintiff for $3,500. Defendant moved for judgment notwithstanding the verdict or for a new trial. From an order granting the motion for judgment, plaintiff appealed. Reversed and remanded with leave to defendant to move for a new trial.

*H. A. Loughran* and *S. C. Olmstead,* for appellant.
*Keith, Evans, Thompson & Fairchild,* for respondent.

LEWIS, J.[2]

Upon a former appeal of this case (95 Minn. 261, 104 N. W. 12) it was held (1) that in the absence of consent, express or implied, re-spondent had no authority to perform the operation on appellant's left ear; (2) that it did not conclusively appear from the evidence that such consent was conferred, either expressly or by implication; (3)

[1] Reported in 108 N. W. 818.        [2] JAGGARD, J., took no part.

that, if the operation was performed without either express or implied authority, it was wrongfully and unlawfully done, and in law constituted assault and battery, in which case the amount of recoverable damages would depend upon the character and extent of the injury inflicted, considering the nature of the malady intended to be cured, the beneficial nature of the operation, and the good faith of respondent. The cause, being remanded, was retried, resulting in a verdict for appellant in the sum of $3,500. Respondent made a motion for judgment notwithstanding the verdict, and, if that was denied, for an order granting a new trial upon the ground that the verdict was excessive, appearing to have been given under the influence of passion and prejudice, not justified by the evidence and contrary to law. The trial court did not pass upon the motion for a new trial, but granted the motion for judgment notwithstanding the verdict, which order was appealed from. The learned trial court apparently granted the motion upon the ground that the evidence conclusively proved that an emergency existed which called for immediate treatment, and that the operation was justified on that ground, conceding no consent had been given, either expressly or by implication.

Respondent does not question the propositions of law determined on the previous appeal, but insists that the facts elicited at the last trial were more complete and explicit with reference to the condition of appellant's left ear, and demonstrate that he was justified in performing the operation, as the only thing to do under the circumstances to relieve the patient from a critical situation. Appellant concedes that she cannot recover except upon the ground that no authority was granted, express or implied. From an examination of the record we are again of opinion that the evidence does not conclusively establish the fact that the left ear was in such a serious condition as to call for an immediate operation. If the patient placed herself in respondent's care for general ear treatment, why did he not in the first instance make a thorough examination of the left, as well as the right, ear?—is a pertinent inquiry. He testified that he found an obstruction in the left ear which, in itself, was unnatural, and yet he did nothing to ascertain the real condition for nearly three weeks thereafter. If the critical condition discovered at the time of the operation was such as to be reasonably anticipated, then the long delay without attention or treat-

ment is not readily explained, and is suggestive of inattention and negligence, and has some bearing upon the subsequent conduct of respondent and his explanation of what occurred.

Dr. Davis was not present as the family physician with the right, express or implied, to consent for appellant to an operation on her left ear. The record discloses the fact that Dr. Davis was not appellant's physician, but had treated her sister, and was asked to be present at the operation simply to guard against the effects of the anæsthetic. There is no evidence in the record to justify the conclusion that Dr. Davis had any authority to consult with respondent and speak for the patient as to what might be necessary to do. We do not mean by this that the fact that he was consulted and expressed an opinion may not be given weight in determining the real condition of the left ear, and the good faith of Dr. Williams in operating, but Dr. Davis did not qualify as an expert in that class of diseases, made no personal examination, and simply made the statement that, upon respondent's request to take hold of the probe and detect the presence of dead bone, he did so and found it gave the impression of decayed bone in the ear.

All the doctors who testified on behalf of respondent were called as experts, but only one qualified as such in diseases of the ear. Some of the witnesses were physicians and surgeons, but not specialists in this line of work, and others were general practitioners, but giving special attention to surgery. Inasmuch as the expert witnesses based their opinions mainly upon the testimony of respondent as to the condition found in the ear operated on, such evidence, as in all cases of expert testimony, was only entitled to such weight as the jury might give it, provided they found the essential facts upon which it was based to be true.

In view of all the facts brought out at the trial, it was error to order judgment for respondent notwithstanding the verdict, but we are also of the opinion that he should have an opportunity to have his motion for a new trial passed upon by the trial court.

It is therefore ordered that the order appealed from be reversed, with leave to respondent to apply to the court below for a new trial.