## F. J. LEONARD v. OLE ROSENDAHL.[1]

June 23, 1916.

Nos. 19,736—(142).

**Action for attorney's fees — amount of recovery — motion for new trial.**

In this action to recover the reasonable value of legal services rendered by plaintiff to defendant at his request, it is *held*:

(1) The point that the damages awarded by the jury were inadequate was properly raised on a motion for a new trial made on the ground that the verdict was not sustained by the evidence.

(2) The evidence does not sustain the verdict as to the amount of damages awarded.

Action in the district court for Scott county to recover $293 for legal services. The case was tried before Morrison, J., and a jury which returned a verdict for $44.55 in favor of plaintiff. From an order denying his motion for a new trial, plaintiff appealed. Reversed.

*F. J. Leonard,* pro se.

*J. J. Moriarty,* for respondent.

BUNN, J.

Plaintiff brought this action to recover the sum of $293, alleged to be the reasonable value of legal services rendered to defendant. There was a verdict for plaintiff in the sum of $44.55. Plaintiff moved for a new trial on two grounds: (1) That the verdict was not sustained by the evidence; (2) errors of law occurring at the trial and excepted to by plaintiff. The motion was denied and plaintiff appealed from the order.

That defendant employed plaintiff, that the latter rendered professional services under this employment, and that he has not been paid, are facts about which the evidence leaves no doubt. Indeed the trial court cor-

[1]Reported in 158 N. W. 419.

Note.—As to effect of conclusiveness of the testimony of experts as to value of professional services, see note in 42 L.R.A. 768; 45 L.R.A.(N.S.) 181.

rectly instructed the jury that the verdict must be for plaintiff, leaving to its decision the reasonable value of his services. The evidence of plaintiff as to what services he performed is undisputed. That the litigation resulted unfavorably to the defendant does not prevent a recovery, especially as defendant refused to allow plaintiff to take the case beyond the decision rendered by the trial court. Plaintiff's testimony as to the value of his services is supported by the evidence of two lawyers of high standing in the community, and is that such services were reasonably worth at least the amount claimed. There was no testimony to dispute such value. From the admitted facts as to what work was done by plaintiff, it is clear that his services were worth much more than the jury awarded. The trial court appreciated that the verdict was inadequate, but considered that it had no right to grant the motion because it was not made on the ground of insufficient damages appearing to have been given under the influence of passion or prejudice. This is wrong. Plaintiff was entitled to have the question of the inadequacy of the verdict decided on the ground stated in his notice of motion, that is, that the verdict was not sustained by the evidence. It was proper, in a case of this nature, to make the motion under G. S. 1913, § 7828, subd. 7. State v. Shevlin-Carpenter Co. 66 Minn. 217, 68 N. W. 973; Emerson v. Pacific Coast & N. P. Co. 92 Minn. 523, 100 N. W. 365; Mohr v. Williams, 95 Minn. 261, 104 N. W. 12, 1 L.R.A.(N.S.) 439, 111 Am. St. 462, 5 Ann. Cas. 303.

It is so clear that the verdict does plaintiff an injustice, and that there is no warrant in the evidence for putting the value of his services at such a small sum as the jury awarded, that we feel obliged to hold that the verdict is not sustained by the evidence. We note the claim of defendant's counsel that the assignments of error are insufficient to raise this question, but find no merit in such claim.

Order reversed and new trial granted.