CATHERINE BOYLE v. HAROLD BOILEAU AND OTHERS.[1]

June 8, 1928.

No. 26,665.

**Motion for new trial in tort action on ground that verdict is excessive.**
 1. In a tort action, where the amount of the damages is not based on the estimate of experts or the calculation of other witnesses, the defendant, who desires to move for a new trial because the verdict is excessive, should base such motion upon the fifth subdivision of § 9325, G. S. 1923.

**Verdict sustained by evidence.**
 2. The evidence justified a verdict against defendant and in the substantial amount found.

**Refusal of new trial was not an abuse of discretion.**
 3. No abuse of judicial discretion appears in the action of the court refusing a new trial upon the ground of newly discovered evidence.

Damages, 17 C. J. p. 1114 n. 92.
Motor Vehicles, 42 C. J. p. 1233 n. 27.
New Trial, 29 Cyc. p. 844 n. 4; p. 1009 n. 54.

Defendant W. G. Iverson appealed from a judgment of the district court for Hennepin county, Nordbye, J. in favor of plaintiff. Affirmed.

*Charles B. Elliott* and *Edward A. Chalgren,* for appellant.
*Maugridge S. Robb,* for respondent.

HOLT, J.

The appeal is from a judgment recovered by plaintiff for personal injuries received in an automobile accident.

Between 12 and 1 a. m. of June 20, 1926, appellant was driving west upon Thirty-eighth street in Minneapolis, approaching Thirty-eighth avenue, and about the same moment Harold Boileau, driving north, was approaching Thirty-eighth street. Appellant was driv-

[1]Reported in 219 N. W. 866.

ing a Cadillac sedan, and Boileau an open Hupmobile. With the latter were plaintiff and two other young people. It was beginning to rain. Both cars were lighted. If the speed and the distance to the street intersections of the two cars were about equal, the Hupmobile had the right of way. There was a collision. Each driver lays it to the fault of the other. It is not necessary to detail the result, except to say that the young woman in the back seat of the Hupmobile received fatal injuries, and plaintiff was rendered partially unconscious, remaining in that condition several days. This action was brought against Harold and appellant Iverson alleging their negligence as the cause of plaintiff's injuries. The jury exonerated Harold from fault and rendered a verdict against appellant· for $6,000. He moved for a new trial for (a) errors of law duly excepted to and (b) on the ground that the verdict is not justified by the evidence and is contrary to law. After an order denying the motion was entered, leave was obtained to renew it and to add thereto the ground of newly discovered evidence. It was again denied, and the judgment appealed from was entered.

No error upon any rulings at the trial or upon the charge was specified on the motion for a new trial. Nor are any assigned thereon or discussed in this court. There is an assignment of error here made which was not made a ground for a new trial in the court below, viz: "That the verdict was excessive and rendered under influence of passion and prejudice." This was a tort action where damages could not be estimated by expert testimony, but necessarily rested as to amount in the judgment of the jury. To have the court below pass upon whether in such a case the verdict is excessive or inadequate it has been held that the motion for a new trial should specify as ground subd. 5 of § 9325, G. S. 1923, rather than subd. 7 thereof. Nelson v. Village of West Duluth, 55 Minn. 497, 57 N. W. 149; Mohr v. Williams, 95 Minn. 261, 104 N. W. 12, 1 L.R.A.(N.S.) 439, 111 A. S. R. 462, 5 Ann. Cas. 303; Moehlenbrock v. Parke, Davis & Co. 141 Minn. 154, 169 N. W. 541. In tort actions such as conversion, where the damages are the value of the property, of course the verdict may be questioned under subd. 7,

and so also in actions arising out of contracts where the damages may be estimated by witnesses properly qualified. State v. Shevlin-Carpenter Co. 66 Minn. 217, 68 N. W. 973; Emerson v. Pacific C. & N. P. Co. 92 Minn. 523, 100 N. W. 365; Leonard v. Rosendahl, 133 Minn. 320, 158 N. W. 419.

Is there enough in the assignment of error that the verdict is not justified by the evidence and is contrary to law to warrant a reversal of the judgment? We think not. Harold's negligence, if any there was, cannot be imputed to plaintiff, a passenger in his car; hence she was entitled to a verdict against appellant if there was evidence which justified the jury in finding that his negligence contributed to or caused the collision. It needs no argument to demonstrate that negligence of one or both the drivers caused the accident. No other vehicle was near to distract attention. The rain had not been sufficient to cause the streets to become slippery. Speed, or failure timely to observe the approach of the other's car, or unwillingness to yield the right of way caused the calamity. The evidence supports a verdict against appellant. That it would as well have supported a verdict against Harold is of no importance to appellant. Harold was not served with notice of motion for a new trial and is not a party to this appeal. Grant that the jury were not justified in returning a verdict in his favor, it does not follow that because that was done appellant should also escape liability, unless it appears as a matter of law that he was free from negligence or that the collision was caused wholly and solely by Harold's carelessness. This the record does not show. There being evidence from which the jury could find that appellant's negligence caused or contributed to cause plaintiff's injury, as alleged in the complaint and as submitted by the court, the verdict cannot be said to be contrary to law.

Although no direct attack was made in the motion for a new trial upon the excessiveness of the verdict as intended by the provisions of G. S. 1923, § 9325, we think the assignment that the evidence does not justify the verdict does raise the question of the amount thereof to this extent: that where, as here, a large sum is

awarded for injuries there must be proof that they were severe or serious. The long continued semi-consciousness indicated grave brain injury. There were symptoms testified to which according to some medical experts' opinions showed permanent mental deterioration. On the other hand, there was testimony of other doctors that no effect of the accident can now be detected in plaintiff. This left the extent and gravity of plaintiff's loss to the jury's judgment. As fixed by the verdict, it was approved by the trial court. We cannot say that the verdict is so excessive that a new trial should be had.

The only other error assigned is the refusal to grant a new trial for newly found evidence. Respondent objects to its consideration because the memorandum of the trial court appended to the order denying the motion indicates that there was oral testimony taken which is not included in the record by bill of exception or otherwise. We think the inference from the memorandum must be controlled by the recital in the order itself that it was based "upon all the files and records herein and the settled case and the affidavits attached to the motion papers." The new evidence is that Harold after the trial confessed to perjury in that he now makes affidavit that he drove at a speed of 40 miles per hour when the accident took place, while he testified when upon the witness stand that his speed was from 20 to 25 miles per hour. His mother's affidavit that he admitted to her that he drove at an excessive speed was also presented. As to both affidavits the observations made and the conclusion arrived at in Hoye v. C. M. & St. P. Ry. Co. 46 Minn. 269, 48 N. W. 1117, are applicable. A case for the exercise of judicial discretion was presented to the trial court, and we are unable to perceive any abuse of that discretion in the order rejecting the alleged newly discovered evidence as a ground for granting a new trial.

The judgment is affirmed.