Margaret Doniger and Another, Respondents, *v.* Adolph Berger, Appellant.

First Department, April 13, 1934.

*Almet R. Latson, Jr.*, of counsel [*Latson & Tamblyn*, attorneys], for the appellant.

*Cecil B. Ruskay* of counsel [*Stephen A. Yeghiaian* with him on the brief; *Cecil B. Ruskay*, attorney], for the respondents.

Martin, J. The defendant, a dentist, who specializes in extraction work, removed a tooth for the plaintiff Margaret Doniger. Claiming that the wrong tooth had been extracted she sued for damages. The plaintiff Sundel Doniger sought damages for loss of his wife's services due to the injuries she is alleged to have received

and for medical expenses incurred by him. The court awarded $500 to Margaret Doniger and $200 to her husband.

Substantially all of the facts are conceded. The defendant is one of the outstanding members of his profession as an oral surgeon, extractionist and diagnostician. He is a professor of oral surgery at Columbia University Dental School, an author of well-known text books on oral surgery and connected with several prominent hospitals. The plaintiff Margaret Doniger had been treated for a number of years for pyorrhea by Dr. Herschfeld who sent her to the defendant for the extraction of a tooth. The plaintiff says she indicated the tooth by pointing to the lower left first molar. The defendant and the attending nurse testified that, in indicating which tooth was to be removed, Mrs. Doniger described it as the tooth next to one which the defendant had removed on another occasion. Since Dr. Berger's record showed the lower third molar as the tooth removed at that time (1927) this instruction from the plaintiff would indicate that the second molar was to be removed.

The defendant did not proceed at once to extract the tooth, nor did he rely on the information given to him. As an additional precaution and for the purpose of making his own diagnosis he made an independent examination of the tooth and submitted it to what is known as a percussion test, by tapping it. This caused the plaintiff to wince, thus indicating the tooth that was subjecting the plaintiff to pain.

Dr. Herschfeld, the plaintiff's witness, testified that the defendant was within his rights in making and following his own diagnosis. Upon cross-examination he testified that the work of an oral surgeon includes the duty and obligation of making a diagnosis. On that point he testified as follows: " Q. And when a patient presents herself to an oral surgeon complaining of pain in the lower left jaw, is it the duty of the oral surgeon to make an examination and determine for himself in his own mind what the cause of the pain is? A. Yes. Q. And having determined that cause of the pain was due to the presence of one particular tooth, it would be his duty to recommend the extraction or other treatment of that tooth? * * * Q. What is the answer? A. Yes."

Dr. Dunning, a well-known specialist, agreed with the testimony of Dr. Herschfeld and tersely described his understanding of the duties of the operating surgeon. He said that a dentist is not ordered to take out any tooth, any more than a doctor is ordered to take out tonsils; that when a person goes to a dentist for relief from pain, that person cannot tell the dentist which tooth to extract. The witness then stated that he would remove the tooth which he believed would relieve the patient.

Dr. Berger testified that he found the gums and the bone which holds the tooth receded and the presence of an advanced stage of pyorrhea. He obtained no reaction from the first molar nor from the second bicuspid. He found the second molar loose in its socket, and a pus discharge oozing from between the gum and the tooth. There was no such discharge from the first molar. The second molar was denuded indicating that the peridental membrane had been destroyed.

After an examination which Dr. Berger says was thorough, he made a diagnosis that the second molar was infected and abscessed and told Mrs. Doniger that the tooth causing the pain had to come out. She stated that she was satisfied. The plaintiff did not contradict this evidence, although she took the stand in rebuttal. Dr. Berger then extracted the second molar. After the extraction Mrs. Doniger complained that the wrong tooth had been removed and that she had intended that the first molar should be extracted. There was a telephone conversation between the defendant and Dr. Herschfeld, and the latter said that he had intended that the first molar should be extracted.

The X-ray of Mrs. Doniger's teeth, which had been taken by her dentist, was thereafter presented to Dr. Berger and was also examined and read at the trial by Dr. Henry S. Dunning. Both doctors agree that the X-ray disclosed that the tooth that was extracted was badly diseased and should have been extracted.

The appellant very clearly points out that this is not the case where an extractionist intending to extract one tooth, by mistake removes another tooth which was perfectly sound and which he did not intend to extract and which did not relieve the patient.

The real question presented is which was the right tooth to extract. Mrs. Doniger was suffering severe pain. Which tooth had to be extracted to stop that pain? After Dr. Berger extracted the second molar, the pain ceased. She never again complained to Dr. Herschfeld of pain and the tooth which Dr. Herschfeld thought should have been removed, the first molar, is still intact.

The result accomplished is the best proof that the defendant properly diagnosed the case and extracted the tooth which had been causing the pain. The conclusive proof of that fact is that the pain ceased and the tooth which plaintiff says should have been extracted is still in her mouth. The defendant testified that the tooth which he extracted was not only in a diseased condition, but had to be extracted.

The complaint appears to be based on the theory of malpractice. The respondents, however, say that it sets forth a special contract,

a breach thereof, and a demand for damages. Irrespective of the theory of the action, the allegations of the complaint have not been sustained. There is no evidence in this case to prove that the defendant failed to use the reasonable degree of learning and skill which is ordinarily possessed by dentists in the extraction of teeth. The facts show that, to the contrary, he treated the patient not only in a skillful but in an admirable manner. He properly diagnosed the case and accomplished an excellent result. It may also be added that no injurious results to the patient were proved upon the trial. That no special contract was made is established by the testimony of Dr. Herschfeld.

The record discloses that despite the fact that the defendant made a proper diagnosis and extracted the tooth that was giving the plaintiff pain, he has been penalized by the imposition of a judgment for damages upon the ground that he extracted the wrong tooth. It is clearly shown by the evidence that he not only diagnosed the case properly, but performed his work in a commendable manner.

The contention of the respondents that the appellant, in failing to move to dismiss the complaint after plaintiff's case was in, conceded that the evidence was sufficient to make the question of the appellant's knowledge one of fact, is without foundation. That proposition has no application to the present case. It cannot be successfully maintained that where a plaintiff fails to establish a cause of action, the defendant by submitting the case without moving for a nonsuit, supplies the necessary proof, or is to be regarded as waiving his right to raise that question upon appeal. (*Shotwell* v. *Dixon*, 163 N. Y. 43.)

The judgment in favor of the plaintiffs should be reversed, and a new trial ordered, with costs to appellant to abide the event.

FINCH, P. J., and MERRELL, J., concur; O'MALLEY and UNTER-MYER, JJ., dissent and vote for affirmance.

O'MALLEY, J. (dissenting). If the case is to be viewed only in the light of the majority opinion, it is futile, it seems to me, to order a new trial. The plaintiffs then will have no cause of action and their complaint should be dismissed.

But the cause of action of the plaintiff wife is predicated not upon malpractice but upon the breach of a special contract resulting in a trespass. Her complaint pleads, and her evidence established *prima facie*, this special contract. True, negligence is charged, but is relied on only in so far as it resulted in the breach of defendant's obligation under his contract.

Pursuant to advice and instructions of Dr. Herschfeld, the dentist

who had been treating her, plaintiff wife visited the defendant for the sole purpose of having a particular tooth, the lower first left molar, extracted. She indicated this tooth and no other. In violation of specific instructions, the defendant extracted the second lower left molar. The plaintiff wife, upon recovering from the effects of the gas administered, discovered that her instructions had been ignored and made immediate complaint. The defendant thereupon talked to Dr. Herschfeld on the telephone, informed him of plaintiff's grievance and expressed regret that he had made a mistake. Dr. Herschfeld suggested that the defendant " replant " the tooth but the latter stated that this was impossible as he had thrown it away.

Dr. Herschfeld corroborated plaintiff with respect to his diagnosis and his instructions to her to have the first molar extracted. The trier of the facts accepted plaintiff's testimony, as was his right. In so doing he saw fit to disregard defendant's claim that the plaintiff submitted herself to his supervision for diagnosis and treatment. This being so, his testimony and that of his experts offered to show that he had adopted proper practice and used commensurate skill was beside the point.

In the circumstances the defendant was not at liberty to use his own judgment and was required instead to follow plaintiff's wishes. If he disagreed with the diagnosis of Dr. Herschfeld and reached the conclusion that it was the second and not the first molar that should be extracted, he should have so advised the plaintiff and obtained her consent before proceeding to act contrary to instructions. By not so doing he was guilty of a trespass and liable to respond in damages. (*Schloendorff* v. *New York Hospital*, 211 N. Y. 125, 129; *Mohr* v. *Williams*, 95 Minn. 261; *Pratt* v. *Davis*, 224 Ill. 300; Brothers Dental Jurisprudence, 69, 70.)

In *Schloendorff* v. *New York Hospital* (*supra*) the court, speaking through Judge CARDOZO, said: " In the case at hand, the wrong complained of is not merely negligence. It is trespass. Every human being of adult years and sound mind has a right to determine what shall be done with his own body; and a surgeon who performs an operation without his patient's consent, commits an assault, for which he is liable in damages."

A proper diagnosis and skillful and effective treatment is no defense. (*Mohr* v. *Williams*, *supra*.) Because defendant's treatment relieved the patient of pain and rendered unnecessary the extraction of the tooth which he contracted to remove, is not destructive of plaintiff's cause of action, though a proper element to be considered in connection with her damages. Here, plaintiff's damages are predicated largely upon the additional expense she

would be required to incur for contemplated bridge work by reason of the absence of the tooth extracted by the defendant.

I am of opinion, therefore, that the trial justice was fully warranted in finding in favor of the plaintiffs upon the issue submitted and that the judgment should be affirmed.

UNTERMYER, J., concurs.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.